if there had been such adjudication by the learned judge, I would at least hesitate to entertain these proceedings, but it now clearly appears that there was no such adjudication. Indeed, this question was not presented to him.

For the reasons stated, Mary Day must be discharged.

*James H. Ryan*, for appellant.

*J. S. Wheeler*, for respondent.

Order affirmed on opinion below.

LEARNED, P. J., LANDON and FISH, JJ., concur.

---

In the Matter of the Estate of LEWIS DEPUY, Deceased.

*Supreme Court, Third Department, General Term, December 11, 1889.*

1. *Limitations. Surrogate.*—The statute of limitations applies to proceedings in surrogates' courts for the payment of the decedent's debts.
2. *Same. Justice's judgment.*—An action on a transcripted judgment from justice's court is, after six years, barred.

Appeal from order of the surrogate of Ulster county, denying petition for order directing payment of justice's court judgment recovered against the intestate.

*John D. Eckert*, for appellant.

*F. L. Westbrook*, for respondent.

PUTNAM, J.—Alexander J. Forbes, on May 24th, 1889, presented a petition to the surrogate of Ulster county, alleging that he was a creditor of Lewis Depuy, deceased, upon a judgment for $64.20, obtained before a justice of the peace on August 13, 1875, and duly docketed in the clerk's office of Ulster county on August 19, 1875; that deceased made a payment of $10 on the said judgment in 1884; that Sabina E. Depuy was appointed administratrix of deceased on October 10, 1887, said Lewis Depuy having died shortly prior to said period. He asked that said administratrix be

decreed to pay said claim. The usual citation was thereupon issued, returnable on June 3, 1889, at which time said petitioner and administratrix appeared by their respective attorneys, and the administratrix claimed that the petitioner's judgment and the proceedings were barred by the statute of limitations, citing 112 N. Y. 622. The administratrix also filed a written answer denying the payment of ten dollars alleged in the petition, and alleging petitioner's claim was barred by the statute of limitations.

No evidence was offered before the surrogate. The parties seemed to have rested on the pleadings. Petitioner claimed that only an *action* on his claim was barred by the statute of limitations, and not this proceeding before the surrogate. The surrogate, however, dismissed the proceeding on the ground that the petitioner's claim was " outlawed."

The late case of Dieffenbach *v.* Roch, 112 N. Y. 621, determines that a judgment rendered by a justice of the peace, although docketed in the county clerk's office, remains a judgment of a court " not of record," within the meaning of subdivision 7, § 382, of the Civil Code, and that an action thereon after six years is barred. Such a judgment, within the meaning of said section of the Code, though docketed, is "rendered" before the justice. No evidence being offered or given before the surrogate that the alleged payment of ten dollars was made upon the judgment, and such payment being denied in the answer, the allegation in the petition in that regard stands unproved. The answer interposed by the administratrix was in the form of an affidavit, and had it been objected to on the trial, probably would have been held formally objectionable under § 2718 of the Code. But it was received, so far as the case shows, without objection as an answer, and sufficiently puts in issue the allegation of payment and sets up the defense of the statute of limitations.

Hence, the allegation of payment of ten dollars in 1884, being unproved, the case before the surrogate was simply an

attempt to enforce the payment of a judgment in 1889 obtained before a justice of the peace in 1875.

Petitioner claims that the statute of limitations operates only on the remedy and not on the debt, and is confined only to the remedy by action, and does not operate to annihilate any other remedy. In other words, if petitioner had taken the remedy by action to recover his claim, the statute would have been a bar, but taking the proceeding before the surrogate the statute is no defense. We cannot agree with this view of the case. It has been repeatedly held " in analogy to the statute of limitations, suits by creditors, legatees or distributees " before the surrogate to obtain payment of their debts or legacies " or distributive " shares, should be instituted within the time in which suits of the same character are required to be commenced in the courts of common law or equity." McCartee *v.* Camel, 1 Barb. Ch. 455 ; Smith *v.* Remington, 42 Barb. 76 ; Cole *v.* Terpenning, 25 Hun. 482, and cases cited.

Many other cases might be cited. As stated in the case of Cole *v.* Terpenning, *supra*, these repeated decisions have settled the questions involved in this case.

It follows, there being no proof of the alleged payment of ten dollars, that the surrogate properly held that the petitioner's claim on the judgment rendered by the justice fourteen years before, was barred by the statute of limitations, and properly dismissed the proceedings.

This view of the case renders it unnecessary to consider the other questions raised. The order of the surrogate should be affirmed, with costs.

LEARNED, P. J., and FISH, J., concur.

NOTE ON " LIMITATION AS TO TRANSCRIPTED JUSTICE'S JUDGMENT."

The six years' statute of limitation does not apply to the enforcing of a justice's judgment, of which a transcript has been filed in the county clerk's office. Bolt *v.* Hauser, 57 Hun, 567.

Opinion of the Court, by FISH, J.

Under § 3017 of the present Code, which declares that, upon filing a transcript of a justice's judgment, the judgment shall be a judgment of the county court, the limitation affecting an action on such a judgment is twenty years, commencing to run from the time of filing the transcript. Spencer *v.* Wait, 2 How. N. S. 117.

A judgment of a justice of the peace, when docketed with the county clerk, becomes, under § 63 of the Code, a judgment of the county court, and an action, thereon may be brought at any time within twenty years. Spencer *v.* Wait, 9 Civ. Pro. 93.

An action on a transcripted justice's judgment is barred in six years after its rendition. Diefenbach *v.* Roch, 112 N. Y. 621; rev'g 39 Hun, 657.

An action to compel a set-off of such judgment against a court of record judgment is an action on the judgment. Id.

The demand of the holder of a justice's judgment which was recovered before the present Code went into effect, if he does not resort to his remedy within two years thereafter, becomes barred at the expiration of six years from its recovery. Slocum *v.* Stoddard, 7 Civ. Pro. 240.