FRANK C. BOLT, RESPONDENT, v. JOHN HAUSER, APPELLANT.

*Six-years statute of limitations — does not apply to the enforcement of a justice's judgment, of which a transcript has been filed in the county clerk's office — when the objection must be taken.*

The six-years statute of limitations does not apply to a proceeding for the enforcement of a judgment which has been recovered before a justice of the peace, and of which a transcript has been filed in the office of the county clerk.

*Semble*, that, in proceedings supplementary to execution, where an order is applied for extending a receivership over the judgment upon which such proceedings are based, the objection that the proceeding is barred by the statute of limitations must be taken at the first appearance of the defendant, namely, on the return of the original order, or at least during the pendency of the proceeding. It cannot be reserved and first presented on a motion to vacate the final order extending a receivership over the judgment upon which such supplementary proceedings were instituted.

APPEAL by the defendant from an order of the County Court of Erie County, entered in the office of the clerk of Erie county, March 28, 1890, denying defendant's motion to vacate an order extending a receivership in supplementary proceedings, granted on another judgment against the same defendant, to the judgment in this action.

*George T. Quimby*, for the appellant.

*William C. Fitch*, for the respondent.

DWIGHT, P. J.:

The motion to vacate the order in question was based upon the objection that the proceeding in which it was made was barred by the statute of limitations; that proceeding having been instituted on a judgment rendered in a court not of record, more than six years after the rendition of such judgment; and the appellant relies, in support of his objection, upon subdivision 7 of section 382, and the last clause of section 414 of the Code of Civil Procedure.

The former of these provisions of the statute applies the six-years limitation to "an action upon a judgment or decree rendered in a court not of record," and the latter declares that "the word *action*, contained in this chapter, is to be construed, when it is necessary so

to do, as including a special proceeding, or any proceeding therein or in an action."

But the same statute, by subdivision 1 of section 414, expressly excepts from the provisions of the chapter in which it is contained the case of an action or proceeding for which a different limitation is specially prescribed by law ; and section 2435 specially prescribes the limitation of *ten* years after the return of an execution for proceedings supplementary thereto.

The proceeding in this case was strictly within the provisions of the section last cited, as limited by reference therein to section 2458. It was instituted upon a judgment rendered upon personal service of a summons on the judgment-debtor for a sum not less than twenty-five dollars, and on the return of an execution issued out of a court of record. The judgment, though rendered by a justice of the peace, was, by reason of the filing of a transcript in the office of the county clerk, to be deemed a judgment of the County Court, and was to be enforced accordingly (§ 3017) ; and the execution was issued out of that court by the county clerk.

There is nothing in the case of *Dieffenbach* v. *Roch* (112 N. Y., 621) to support the appellant's contention in this case. It was there held only that the judgment of a justice of the peace, of which a transcript was filed in the office of the county clerk, although it became thereby a statutory judgment of the County Court, was not a judgment *rendered* in a court of record; and, therefore, that an action on such a judgment could not be maintained after the expiration of six years from the rendition of the judgment. That decision was based upon the letter of the statute (§ 382, subd. 7, *supra*), and does not conflict with the decisions to the effect that a judgment such as that in this case is a judgment of the County Court for all the purposes of its enforcement. Such it has been held to be in the two cases in this department of *Agar* v. *Tibbets* (46 Hun, 52) and *Townsend* v. *Tolhurst,* decided at the last Term of this court (57 Hun, 40 ; 32 N. Y. St. Rep., 21). In the case last mentioned we sustained an order of the County Court granting leave to issue an execution on such a judgment after the expiration of six years from the date of its rendition.

Another answer to the defendant's objection to the order in question ought probably to be conclusive, viz., that it was waived by

not being taken in time. In analogy with the requirement of the Code (§ 413) and of the common law, to the effect that the objection of the statute of limitations must be taken at the first appearance of the defendant, viz., by answer, it would seem that the same objection to a special proceeding should be taken on the return of the original order, or at least during the pendency of the proceedings, and that it cannot be reserved for a motion to vacate the final order in which the proceeding results. But we prefer to rest our affirmance of the order in this case upon the merits of the question, and to hold that the six-years statute of limitations does not apply to a proceeding for the enforcement of a judgment which, for the purposes of its enforcement, is made by statute a judgment of the County Court.

The order appealed from should be affirmed.

MACOMBER, J. :

The judgment upon which the proceedings for the appointment of a receiver were founded, was recovered in a court of a justice of the peace on the 31st day of March, 1880, a transcript of which judgment was filed in the Erie county clerk's office on the same day. An execution was duly issued upon the judgment by the county clerk, and was returned unsatisfied April 6, 1887, whereupon proceedings supplementary thereto were instituted, which resulted, on the 19th day of September, 1887, upon due notice to the defendant, and on the appearance of himself and his attorney at the hearing of such motion, and without objection on their part, in the appointment of Mr. Green as the receiver of the defendant's property.

The motion now made is to set aside the appointment of such receiver, and the same is placed upon the ground that, inasmuch as six years had elapsed between the rendition of the judgment and the motion for the appointment of the receiver, the judgment had become inoperative and ineffectual to support any subsequent legal proceedings thereon.

By the Revised Statutes (2 R. S., 247, §§ 127, 128) a transcript of a judgment of a justice of the peace for twenty-five dollars and upwards, exclusive of costs, could be filed and the judgment dock-

eted in the clerk's office of the county. It was provided that the judgment, after being so filed and docketed, " shall be a lien on the real estate of the defendant within the county, in the same manner and with the like effect, as if such judgment had been rendered in the Court of Common Pleas; and may, in the same manner, be discharged and canceled." It was further provided that all actions on judgments rendered in any court, not being a court of record, should be commenced within six years next after the cause of action accrued. (Id., 295, § 18.) The Code of Procedure, however, wrought a material change in these provisions of the Revised Statutes. By section 63 thereof, where a judgment was recovered in a Justice's Court for any amount, a transcript thereof could be filed, and the same could be docketed in the county clerk's office, and from that time the judgment was a judgment of the County Court, but such judgment for a sum less than twenty-five dollars, exclusive of costs, was not a lien on or enforceable against real property. Section 90 of that Code permitted an action upon a judgment or decree of any court of the United States, or any State or territory within the United States, to be begun within twenty years after its rendition.

Section 3017 of the Code of Civil Procedure has substantially the same provision as existed under the Revised Statutes in this regard. It provides that a transcript of any judgment rendered in a Justice's Court for any amount may be filed in the county clerk's office, and that " thenceforth the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly; except that an execution can be issued thereupon only by the county clerk as prescribed in section 3043 of this act, and that the judgment is not a lien upon and cannot be enforced against real property, unless it is for twenty-five dollars or more, exclusive of costs."

By subdivision 7 of section 382 of the Code of Civil Procedure an action upon a judgment or decree rendered in a court not of record must be brought within six years from its rendition.

In the case of *Dieffenbach* v. *Roch* (112 N. Y., 621), it was held that upon the docketing of the justice's judgment in the county clerk's office the same became a statutory judgment of the County Court, yet it was not a judgment " rendered " in that court, and that

an action upon such judgment to compel a set-off of the same against a judgment of a court of record could not be maintained unless the same be brought within six years from the time the same was rendered in the court of the justice of the peace. But we do not understand that case to hold that no proceedings can be had for the enforcement of the debt represented by a judgment recovered before a justice where the same were not begun within six years from the time of the recovery of the judgment. There is nothing in that decision which detracts from the authority of the case of *Waltermire* v. *Westover* (14 N. Y., 16) where it is held that the filing of a transcript and docketing of a judgment rendered by a justice of the peace pursuant to the Revised Statutes, rendered it a lien on the real estate, co-extensive in time with judgments recovered in the Court of Common Pleas; and that though an action on such judgment was barred after six years, such statute of limitations did not extinguish or destroy the lien of such judgment when the same had been duly docketed in the county clerk's office. That decision was given under the provisions of the Revised Statutes, which, as has been pointed out above, are substantially the same as the present Code of Civil Procedure, and that authority is consequently our guide in reaching the result on this appeal.

Furthermore, we held in the case of *Townsend* v. *Tolhurst* (decided April 11, 1890, and reported in 32 N. Y. St. Rep., 21, and 57 Hun, 40) that a judgment creditor, upon application duly made to the County Court, might obtain leave to issue execution on a justice's judgment, so filed and docketed, though more than six years had elapsed after the filing of the same in the county clerk's office. (*Kincaid* v. *Richardson*, 25 Hun, 237; *Rose* v. *Henry*, 37 id., 397; see, also, *Herder* v. *Collyer*, 6 N. Y. Sup., 513.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CORLETT, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.