## BOLT *v.* HAUSER.

*(Supreme Court, General Term, Fifth Department. October 23, 1890.)*

EXECUTION—SUPPLEMENTARY PROCEEDINGS—LIMITATION.

Code Civil Proc. N. Y. § 3017, provides that, on filing the transcript of the judgment of a justice of the peace in the county clerk's office, it is to be deemed a judgment of the county court, and enforced accordingly. Section 382, subd. 7, provides that "an action on a judgment or decree rendered in a court not of record" must be brought within six years. Section 414 provides that "the word 'action' contained in this chapter (of which section 382 is part) shall be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action," and expressly excepts from the provisions of the chapter an action or proceeding for which a different limitation is provided by law. Section 2435, limits supplementary proceedings to 10 years. *Held* that, where a justice's judgment has been filed in the county clerk's office, supplementary proceedings may be instituted within 10 years from its rendition.

Appeal from Erie county court.

Action by Frank C. Bolt against John Hauser. An order was entered denying defendant's motion to vacate an order extending a receivership in supplementary proceedings on another judgment against defendant to the judgment in this action, and defendant appeals. For order denying motion to vacate order appointing a receiver, see *ante*, 366.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

George T. Quimby, for appellant. *William C. Fitch*, for respondent.

DWIGHT, P. J. The motion to vacate the order in question was based upon the objection that the proceeding in which it was made was barred by the statute of limitations, that proceeding having been instituted on a judgment rendered in a court not of record more than six years after the rendition of such judgment; and the appellant relies, in support of his objection, upon subdivision 7, § 382, and the last clause of section 414 of the Code of Civil Procedure. The former of these provisions of the statute applies the six-years limitation to "an action upon a judgment or decree rendered in a court not of record," and the latter declares that "the word 'action' contained in this chapter shall be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action." But the same statute, by subdivision 1 of section 414, expressly excepts from the provisions of the chapter in which it is contained the case of an action or proceeding for which a different limitation is specially provided by law; and section 2435 specially prescribes the limitation of 10 years after the return of an execution for proceedings supplementary thereto. The proceeding in this case was strictly within the provisions of the section last cited, as limited by reference therein, to section 2458. It was instituted upon a judgment rendered upon personal service of a summons on the judgment debtor, for a sum not less than $25, and on the return of an execution issued out of a court of record. The judgment though rendered by a justice of the peace was, by reason of the filing of a transcript in the office of the county clerk, to be deemed a judgment of the county court, and was to be enforced accordingly, (section 3017,) and the execution was issued out of that court by the county clerk. There is nothing in the case of *Dieffenbach* v. *Roch*, 112 N. Y. 621, 20 N. E. Rep. 560, to support the appellant's contention in this case. It was there held only that the judgment of a justice of the peace, of which a transcript.

was filed in the office of the county clerk, although it became thereby a statutory judgment of the county court, was not a judgment rendered in a court of record, and therefore that an action on such a judgment could not be maintained after the expiration of six years from the rendition of the judgment. That decision was based upon the letter of the statute, (section 382, subd. 7, *supra*,) and does not conflict with the decisions to the effect that a judgment such as that in this case is a judgment of the county court for all the purposes of its enforcement. Such it has been held to be in the two cases in this department of *Agar* v. *Tibbets*, 46 Hun, 52, and *Townsend* v. *Tolhurst*, (decided at the last term of this court,) 10 N. Y. Supp. 378. In the case last mentioned we sustained an order of the county court granting leave to issue an execution on such a judgment after the expiration of six years from the date of its rendition. Another answer to the defendant's objection to the order in question ought probably to be conclusive, viz., that it was waived by not being taken in time. In analogy with the requirement of the Code, (section 413,) and of the common law, to the effect that the objection of the statute of limitations must be taken at the first appearance of the defendant, viz., by answer, it would seem that the same objection to a special proceeding should be taken on the return of the original order, or at least during the pendency of the proceedings, and that it cannot be reserved for a motion to vacate the final order in which the proceeding results. But we prefer to rest our affirmance of the order in this case upon the merits of the question, and to hold that the six-years statute of limitations does not apply to a proceeding for the enforcement of a judgment which, for the purposes of its enforcement, is made by statute a judgment of the county court. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.