DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order of the Erie County Court appealed from affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application of BENJAMIN C. MILLER, Judgment Creditor, Appellant, for the Payment of his Claim Against the Estate of JOHN MORTON, Deceased; FIDELIA R. MORTON, as Administratrix, etc., Respondent.

*Judgment against a person deceased after the rendition of the verdict — irregularities in, cured by amendment — proceeding for payment of, as a claim against the decedent's estate — dismissal of the petition — Statute of Limitations — sections 1210, 1237, 2717 and 2718 of the Code of Civil Procedure.*

When a judgment, for a sum of money, entered after the death of the person against whom a verdict had been recovered, is irregular by reason of the verdict not being contained in the judgment roll (Code Civ. Pro. § 1237), and of no memorandum of the death of the party being entered in the judgment book, indorsed on the judgment roll and noted in the docket (Code Civ. Pro. § 1210), the court has power to correct such errors, and, when corrected, the judgment becomes a valid judgment.

When such a judgment is the adjudication of a competent court, having jurisdiction of the parties, it imports absolute verity, and cannot be attacked collaterally, and if assigned, it *prima facie* establishes the claim of the assignee against the estate of the deceased judgment debtor, based thereon.

While a surrogate, on the presentation of a petition by the assignee of such a judgment for a decree directing the administrator of the deceased judgment debtor to pay the claim, under section 2717 of the Code of Civil Procedure, has the power to inquire and pass upon the question whether any payments have been made to apply upon the judgment and determine the amount due thereon, and ascertain who is the owner thereof and entitled to the money, he cannot try and determine questions regarding its validity; and to justify a dismissal of the petition, under subdivision 1 of section 2718 of the Code of Civil Procedure, the answer of the administrator should not only deny the validity

or legality of the petitioner's claim, but should set forth facts which show that it is doubtful whether the claim is valid and legal.

The right to institute a proceeding under section 2717 of the Code of Civil Pro-cedure, in a Surrogate's Court, for the payment of a claim based upon a judg-ment of a court of record, entered against the decedent under section 1210 of the Code, which provides that "such a judgment does not become a lien upon the real property, or chattels real, of the decedent, but it establishes a debt to be paid in the course of administration," is subject to the provisions of the Statute of Limitations applicable to actions upon judgments of courts of record, and not to the six years' limitation.

APPEAL by the petitioner, Benjamin C. Miller, from a decree of the Surrogate's Court of Monroe county, entered in the office of the surrogate on the 27th day of December, 1892, dismissing his peti-tion as a judgment creditor, praying for the payment of his claim against the estate of John Morton, deceased.

*William E. Davis*, for the appellant.

*Louis H. Jack*, for the respondent.

LEWIS, J.:

The petitioner, Benjamin C. Miller, presented to the surrogate of Monroe county on the 3d day of December, 1892, his duly verified petition showing, among other things, that John Morton, a resident of Rochester, N. Y., died on the 23d day of March, 1883, and that Fidelia R. Morton, of said city, was, by order of the surrogate of Monroe county, duly appointed administratrix, etc., of said deceased, and is still acting as such; that one Mary A. Northrup, on the 10th day of August, 1883, recovered two judgments, aggregating some six hundred dollars, in the Supreme Court, Monroe county, against said Morton. The judgments were docketed in the clerk's office of Monroe county on that day, and thereafter by proper instruments the said judgments were duly assigned to the petitioner. The claims were duly presented to the administratrix for payment on the 5th day of January, 1885, and they were not disputed by the administratrix; that the petitioner was informed and believed that there had come into the hands of the administratrix since her appointment the sum of $3,540 belonging to the estate of the deceased, and that there are no claims against the decedent's estate entitled to equality of payment with or priority of payment over

the claim of the petitioner, with the exception of funeral expenses, etc., and that there are sufficient moneys in the hands of the administratrix to pay petitioner's claim without injuriously affecting the rights of persons entitled to priority over or equality of payment with your petitioner.

A citation was issued thereon requiring the administratrix to show cause why a decree should not be made requiring her to pay the claim, and on the return day of the citation the administratrix interposed a verified answer stating that the verdicts in the judgments described in the petition were recovered against the deceased prior to his death ; that they were docketed after the death of Morton ; that in docketing the judgments the verdict was omitted from each of the judgment rolls and that there was a failure to enter with the judgments in the judgment book, or to indorse on the judgment rolls, or to note on the margin of the docket of the judgments the memorandum of the death of the defendant, John Morton, as required in such cases by section 1210 of the Code of Civil Procedure. The answer further alleged that each of said judgments was recovered in actions founded on tort, and claimed that by reason of said irregularities and defects the alleged judgments were irregular and defective and were ineffectual either as claims to be enforced against the estate of said Morton or as notice or evidence of debt to the representatives of the estate of the said decedent, and that the estate was because thereof entitled in equity to a discharge and release from any claims arising on said judgment. The answer further alleged that on the 2d day of November, 1892, the petitioner made application to the Special Term of the Supreme Court of Monroe county to have the judgment rolls and the docketing of the same amended and corrected as of date August 10, 1883, by supplying the omissions mentioned, and that an order was made allowing such corrections, with the qualification, however, that the rights acquired by the administratrix by reason of said irregularities, should not be prejudiced by the entering of said order.

The answer alleged the publication of a notice to creditors of the estate to present their claims, and that without the knowledge of the alleged judgments she had paid the claims of all the creditors legally presented and proved, funeral expenses, etc.; and further stated " that there are not funds or property in her possession as

administratrix, applicable to the satisfaction of the claim of the petitioner herein, without injuriously affecting the rights of others." The answer omitted to state that the claims of the others referred to were, in the language of subdivision 2 of section 2718 of the Code, entitled to priority or equality of payment or satisfaction to the petitioner's claim.

The answer denied any knowledge or information as to the alleged assignment of the judgments, and further alleged that the time within which the proceedings could be instituted had elapsed, and denied, upon information and belief, the validity and legality of the alleged judgments and claims of the petitioner.

The surrogate, upon the filing of said answer, without taking any evidence, dismissed the petition upon the sole ground that the answer of the administratrix set forth facts showing it to be doubtful whether the claim of the petitioner was valid and legal, and denied its validity and legality upon information and belief.

Section 2718 of the Code provides that upon the return of a citation the surrogate must dismiss the petition, if, *first*, the administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or upon information and belief, or, *second*, where it is not proved to the satisfaction of the surrogate that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction.

The dismissal being put upon the first ground mentioned, the petitioner was prevented from making the proof required by the second subdivision of said section.

Section 1237 of the Code provides that the clerk, upon entering final judgment after a trial, must include in the roll the verdict, report or decision, etc.

Section 1210 of the Code provides: "Where a judgment for a sum of money, or directing the payment of money, is entered against a party after his death in a case where it may be so taken by special provision of law, a memorandum of the party's death must be entered with the judgment in the judgment book, indorsed on the

judgment roll and noted on the margin of the docket of the judgment. Such a judgment does not become a lien upon the real property or chattels real of the decedent, but it establishes a debt to be paid in the course of administration."

In entering these judgments the memorandum required by this section was omitted. The verdicts were also omitted. These irregularities in the record being discovered, on the motion of the claimant, an order was duly granted by the Special Term directing that the omissions in the record be supplied by the clerk as of the date of the entry of the judgments, and the corrections were made prior to the presentation of the claim to the administratrix.

The judgments prior to the making of the order aforesaid were irregular, but the court unquestionably had the power to correct the errors and when corrected they became valid judgments.. (*White* v. *Bogart*, 73 N. Y. 256.)

The judgments were the adjudications of a competent court having jurisdiction of the parties, they imported absolute verity and could not be attacked collaterally, and having been assigned to the claimant they *prima facie* established his claim against the estate. (*McNulty* v. *Hurd*, 72 N. Y. 521.)

While the surrogate had the power to inquire and pass upon whether any payments had been made to apply upon the judgments and determine the amount due thereon, and ascertain who was the owner thereof and entitled to the money, he could not try and determine questions regarding their validity. In order to have justified a dismissal of the petition the answer should not only have denied the validity or legality of the plaintiff's claim, but it should have set forth facts which showed that it was doubtful whether the petitioner's claim was valid and legal. (*Hurlburt* v. *Durant*, 88 N. Y. 121; *Matter of Macaulay*, 94 id. 574.)

This the answer failed to do unless the plea of the Statute of Limitations is to prevail.

It is the contention of the respondent that the six years' limitation applies to a claim based upon a judgment of a court of record the same as to a claim not in judgment.

By subdivision 4 of section 414 of the Code, it is provided that the word "action" contained in the chapter relating to the time for

enforcing a civil remedy, is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein.

By section 415 it is provided that " The periods of limitation prescribed by said chapter  *  *  *  must be computed from the time of the accruing of the right to relief by action, special proceeding, etc.  *  *  *  to the time when the claim to that relief is actually interposed by the party as a plaintiff or defendant in the particular action or special proceeding."

It was held before the Code was adopted and has been held since, that a proceeding like this may be instituted within the time within which actions of the same character are required to be commenced in courts of common law or equity. (*McCartee* v. *Camel*, 1 Barb. Ch. 455 ; *Smith* v. *Remington*, 42 Barb. 75 ; *House* v. *Agate*, 3 Redf. 307 ; *Drake* v. *Wilkie*, 30 Hun, 537 ; *Kerr* v. *Terpenning*, 25 id. 482 ; *Matter of Depuy*, 28 N. Y. St. Repr. 42 ; *Matter of Kendrick*, 107 N. Y. 107.)

It is clear that the statute had not run against the right of the petitioner to enforce his claim. The effect of the delay in instituting the proceedings upon the rights of the claimant in the assets of the deceased is another question, but that question is not before us for adjudication.

The answer, we think, failed to state facts tending to show that the petitioner's claim was not legal and valid, and the learned surrogate erred in dismissing the petition.

The decree appealed from should be reversed, with costs of this appeal to the appellant to be paid out of the estate, and the proceeding remitted to that court to proceed thereon.

Dwight, P. J., Macomber and Haight, JJ., concurred.

Decree of the surrogate of Monroe county appealed from reversed, with costs to the appellant to be paid out of the estate, and the proceeding remitted to that court to proceed thereon.