Decree to be entered in accordance with foregoing opinion.

---

BROWN et al. v. HYMAN.

(Suffolk County Court. January 15, 1894.)

EXECUTION—ON JUDGMENT OF JUSTICE—LIMITATIONS.

Under Code Civ. Proc. § 3017, providing that, after a judgment of a justice of the peace is docketed, it shall thenceforth be deemed a judgment

by the county court, and must be enforced accordingly, the lien of the judgment continues for ten years, during which time it may be enforced by execution, though an action on such judgment is barred after six years.

Action by D. Henry Brown and another against Henry Hyman. Judgment was rendered in favor of plaintiff, and execution was issued thereon, and land sold under the execution. Defendant now moves to set aside the execution and the sale under it. Denied.

Geo. F. Stackpole, for the motion.
B. K. Payne, opposed.

GARRETSON, J. I am of the opinion that both by reason and authority this motion should be denied. While the language of the statute now existing, which provides for the docketing of a justice's judgment in the office of the county clerk, and the effect thereof, differs in phraseology from that heretofore contained in the Revised Statutes and in the Code of Procedure, yet it is in substance the same, and will admit of the same general interpretation and construction. It was intended to be but a codification and re-enactment of the then existing provisions of the Code of Procedure. See reviser's note to section 3017, Code Civ. Proc. (Throop's Ed.) In the Revised Statutes (2 Rev. St. p. 248, § 128) the language was that the judgment so docketed "shall be a lien on the real estate of the defendant within the county, in the same manner and with the like effect, as if such judgment had been in the court of common pleas." As applied to the remedy thereon by execution, the court of appeals, in Waltermire v. Westover, 14 N. Y. 16, say that these words "are broad and comprehensive, and were intended to place judgments in justices' courts, when docketed, upon the same footing in all respects, as to the lien created, with those of the common pleas." The court further held that the judgment was a lien for ten years, as against purchasers, etc., on real property of the defendant, and sustained the sale made upon an execution issued thereupon after six years, and within the ten years. The language of the Code of Procedure (section 63) was: "The judgment shall be a judgment of the county court." Section 3017 of the Code of Civil Procedure reads that, when docketed, "thenceforth the judgment is deemed a judgment of the county court of that county and must be enforced accordingly." During the existence of the statutes above cited, it has also been provided, by correlative enactments, that such a judgment should not be a lien upon real property unless for $25 or more, exclusive of costs. It is difficult to apprehend the distinction, in construction and effect, between the foregoing words of the Revised Statutes, the Code of Procedure, and the Code of Civil Procedure. If the judgment so docketed is "thenceforth to be deemed [that is, regarded, considered, or accounted] a judgment of the county court, and enforced accordingly," it must be then deemed to be a lien upon real property for ten years, and enforceable by execution in the same manner as a judgment of that court. The opinion and conclusion of the court of appeals in the case of Dieffenbach v. Roch, 112 N.

Y. 621, 20 N. E. 560, seems not to be an authority in opposition to the foregoing views. There the action was brought upon the justice's judgment; and the court says that, notwithstanding the docketing in the county clerk's office, the judgment remains "a judgment rendered in a court not of record," within the meaning of section 382 of the Code of Civil Procedure, declaring that such an action must be commenced within six years after "a final judgment was rendered." The question at bar was not before the court, and was not decided in that case. The opinion of the court in Townsend v. Tolhurst, 57 Hun, 40, 10 N. Y. Supp. 378, makes the proper and logical distinction in the application and authority of the case of Dieffenbach v. Roch, as likewise does the case of Bolt v. Hauser, 57 Hun, 567, 11 N. Y. Supp. 366, 368. I think the cases last cited should control the disposition of this motion, and therefore do not consider that Herrmann v. Stalp, (Com. Pl. N. Y.) 6 N. Y. Supp. 514, should be regarded as a guiding precedent. It would seem to be an entirely proper construction of sections 382 and 3017 of the Code of Civil Procedure that the life of an undocketed justice's judgment should be six years, unless, before the expiration of that period, an action is brought thereon to extend it for a longer period; that the legislature has also provided another remedy for its continuance and enforcement by docketing it in the county clerk's office, and thus deeming it, or regarding it, as a judgment of the county court for the purpose of its enforcement, including its enforcement against real property. The motion to vacate and set aside the execution sale made upon the judgment in this action is denied, with $10 costs.