BROWN, P. J., and CULLEN, J., concurred.

Final order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Estate of JUNIUS B. ALEXANDER, Deceased.

MARIA LOUISA RICHARDS, Appellant; LAWRENCE D. ALEXANDER and Another, as Administrators, etc., of JUNIUS B. ALEXANDER, Deceased, Respondents.

*Order denying an application for the payment of the claim of one of the next of kin against a decedent's estate — when only it is justified.*

In order to justify an order denying a petitioner's application to be paid her claim as a next of kin of a decedent by his administrators, if such application be made after the expiration of one year from the time that letters of administration were issued upon the estate of the deceased, the written answer filed by such administrators must set forth facts which show that it is doubtful whether the petitioner's claim is valid or legal, and must deny the validity and legality of the claim, or it must be proved to the satisfaction of the surrogate that there is no money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction out of the estate.

APPEAL by the petitioner, Maria Louisa Richards, from an order of the Surrogate's Court of the county of Richmond, entered in the Richmond County Surrogate's Court on the 6th day of August,

1894, denying the prayer of the petitioner for a decree directing the payment of her claim as distributee, and dismissing her petition.

*Edward M. Shepard* and *Otto C. Wierum, Jr.*, for Maria Louisa Richards, petitioner, appellant.

*W. W. MacFarland*, for Lawrence D. Alexander, administrator, respondent.

DYKMAN, J.:

This is an appeal by Maria Louisa Richards. She presented a petition to the surrogate of Richmond county, in which she stated that she was a daughter of Junius B. Alexander, the decedent above named, and as such was entitled to a distributive share of his estate; that he died intestate on the 9th day of January, 1893, and was at the time of his death a resident of the county of Richmond and was the owner of personal property within that county; that on the 17th day of May, 1893, letters of administration upon the estate of the decedent were duly granted by the surrogate of Richmond county to Eliza H. Alexander and Lawrence D. Alexander, and that more than one year had elapsed since said letters were granted; that the said administrators had filed an inventory of the estate of their decedent, showing personal property in their hands of the value of $1,021,673; that, as the petitioner was informed and believed, the administrators had duly advertised for creditors of their decedent to present their claims against his estate, and that the time limited by such advertisement had expired, and claims not exceeding in the aggregate the sum of $2,000 had been presented in response thereto; that the decedent left him surviving his widow, Eliza H. Alexander, and the following children, and none other, and no issue of any deceased child, and that such children were all of full age and sound mind, viz., Ellen L. Mayo, Lawrence D. Alexander, Welcome T. Alexander, Anita M. McFee, Frank D. Alexander, Junius B. Alexander and Maria Louisa Richards, the petitioner, and that her share in such estate, after all debts and expenses shall have been paid, is not less than the sum of $90,000; that, as she was informed and believed, there is in the hands of such administrators money or other personal property of the estate applicable to the payment of her claims which might be so

applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction; that no part of the distributive share has been paid; wherefore she prayed that a decree might be made directing the said administrators to pay her claim; that they might be cited to show cause why such a decree should not be made and why she should not have such other and further relief in the premises as justice required.

The answer denied no material allegation of the petition, and sets forth no facts which show that it is doubtful whether the petitioner's claim is valid and legal; neither does it deny the validity or legality of her claim. The statute under which the proceedings are instituted is as follows: " In either of the following cases a petition may be presented to the Surrogate's Court praying for a decree directing an executor or administrator to pay the petitioner's claim, and that he be cited to show cause why such a decree should not be made; * * * *second,* by a person entitled to a legacy, or any other pecuniary provision under the will or a distributive share, for the payment or satisfaction thereof, or of its just proportionate part, at any time after one year has expired since letters were granted. On the presentation of such a petition the surrogate must issue a citation accordingly, and, on the return thereof, he must make such a decree in the premises as justice requires. But in either of the following cases the decree must dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner:

" *First.* Where the executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying the validity or legality absolutely, or on information and belief.

" *Second.* Where it is not proved to the satisfaction of the surrogate that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others entitled to priority or equality of payment or satisfaction."

The prayer of the petitioner was denied, and the petition was dismissed by the surrogate. The petitioner has appealed from the order, and we think it is erroneous.

The general provision of the statute is that the surrogate, on the return of a citation which he is required to issue upon the presenta-

tion of the petition, must make such a decree in the premises as justice requires. He is authorized to dismiss the petition where an executor or administrator files a written answer setting forth certain specific facts, and where certain facts are not proved. Neither of these conditions are presented in this case. The answer does not attempt to set forth any facts which show it is doubtful whether the petitioner's claim is valid or legal, nor does it deny the validity or legality in any form. In the case of *Lambert* v. *Craft* (98 N. Y. 342) Judge DANFORTH, who prepared the opinion of the court, said : " The citation (Code, § 2516) brings in the executor, not to plead or respond to the petition, but by a verified written answer to set forth affirmatively facts, if he has any, which show that it is doubtful whether the petitioner's claim is valid and legal, and also denying its validity or legality absolutely or upon information and belief. Both conditions must concur."

The claim of the petitioner in this case was that she was one of the seven children of Junius B. Alexander, the decedent, and as such entitled to a portion of his estate. There is no pretense of any dispute as to the validity or legality of this claim ; the only allegations of fact in the answer relate to the question of the amount of the petitioner's share, but even that does not make it doubtful that the petitioner is entitled to at least $90,000. In *The Matter of the Estate of McKiernan* (4 N. Y. Civ. Proc. Rep. 218) it was said as follows : " In this case, the petitioners alleging assets, and no written answer being filed, as required by said section, I am compelled to grant a decree for the payment of their claim."

In *The Matter of Miller* (70 Hun, 61) it was said as follows : " In order to have justified a dismissal of the petition, the answer should not only have denied the validity or legality of the plaintiff's claim, but it should have set forth facts which showed that it was doubtful whether the petitioner's claim was valid and legal."

Our conclusion, therefore, is that the order should be reversed, with costs to be paid from the estate, and the proceedings remitted to the Surrogate's Court.

BROWN, P. J., and CULLEN, J., concurred.

Order reversed, with costs to be paid from the estate, and proceedings remitted to Surrogate's Court.