(8 App. Div. 337)

AGAR v. CURTISS.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

EXECUTION—LEAVE TO ISSUE—JUDGMENT IN JUST'CE'S COURT.

Under Code Civ. Proc. § 3017, which provided, before the amendment of 1894, that the judgment of the justice's court, a transcript of which, if filed and docketed in the county clerk's office, is thereto deemed a judgment of the county court, and must be enforced accordingly, execution may be issued on such judgment, though the right to sue on it is barred by limitation.

Appeal from Wyoming county court.

Action by Thomas Agar against Mary J. Curtiss. A judgment in favor of plaintiff in a justice court on the confession of defendant was entered for $393.37, damages and costs. A transcript of the judgment was filed in the clerk's office of Wyoming county, where the judgment was docketed. Plaintiff moves for leave to issue execution on the judgment. Motion was granted, and defendant appeals. Affirmed.

On the 3d day of January, 1888, Thomas Agar recovered a judgment in a justice court in the county of Wyoming against the defendant upon the confession of said defendant of judgment in the sum of $393.37, damages and costs. On the 3d day of January, 1888, the plaintiff procured a transcript, and caused the same to be filed in Wyoming county clerk's office, where the judgment was duly docketed on that day. On the 23d of February, 1888, the transcript of said judgment was filed, and the judgment was docketed in the clerk's office of Erie county. On the 8th day of April, 1888, the plaintiff, at the town of Warsaw, Wyoming county, died, and on the 30th of April, 1888, Mary Agar and Thomas B. Catton were duly appointed administrators, and letters of administration were issued to them, and they took upon themselves the duty of such administration, and on the 9th of October, 1895, they, as administrators, sold, transferred, and assigned said judgment to T. Delancey Agar, who became the owner of the judgment, and he recorded his assignment in the Wyoming county clerk's office. In his affidavit used upon the motion for leave to issue execution he stated that the said judgment was wholly unpaid and unsatisfied, that no execution had been issued on said judgment within five years after the entry thereof, and that no execution has ever been issued. Notice of motion was duly given, and the affidavit of T. Delancey Agar was duly served, and on the 13th of January, 1896, the county court of Wyoming county made an order, after hearing the parties, in the following language: "Ordered, that an execution upon said judgment issue in said action by the clerk of the county of Wyoming, or of any other county in whose office a transcript of said judgment may have been filed, and said judgment docketed in favor of said assignee of said judgment, to the sheriff of the proper county, upon filing in any such clerk's office a certified copy of this order." From that order the defendant appeals to this court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Elihu R. Sherman, for appellant.

Frank W. Brown, for respondent.

HARDIN, P. J. It was the duty of the justice of the peace to furnish a transcript of the judgment. Code Civ. Proc. § 3017. It was the duty of the county clerk of Wyoming county to file the same, and docket the judgment "as of the time of the receipt of the transcript, in the book kept by him for that purpose." He performed that duty in pursuance of section 3017 of the Code of Civil Procedure, as it existed January 3, 1888. That section then provided, viz.: "Thenceforth the judgment is deemed a judgment of the county court of that county and must be enforced accordingly." In 1894, section 3017 of the Code of Civil Procedure was amended so that the county clerk was authorized to file the transcript and docket the judgment "if within six years after the rendition thereof." It is to be observed that that limitation was not in the section at the time the transcript was filed and the judgment docketed, to wit, January 3, 1888. It is further provided in section 3017 of the Code that after filing and docketing, viz.: "Thenceforth the judgment is deemed a judgment of the county court of that county and must be enforced accordingly. * * *" Notwithstanding the provision we have just quoted, it was held in Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, that an action may not be brought upon such a judgment after six years from the time of its rendition. It has been held in several cases that under the law as it was prior to the amendment of 1894 an application for leave to issue execution might be granted. See sections 1251, 2435, Code Civ. Proc.; In re Hallock's Estate (Sup.) 29 N. Y. Supp. 555; Waltermire v. Westover, 14 N. Y. 16; Johnson v. Railroad Co., 54 N. Y. 416; Kincaid v. Richardson, 25 Hun, 237; Herder v. Collyer (Com. Pl.) 6 N. Y. Supp. 513; Green v. Hauser (Super. Buff.) 9 N. Y. Supp. 660; Bolt v. Hauser (Co. Ct.) 10 N. Y. Supp. 397, affirmed 57 Hun, 567, 11 N. Y. Supp. 366, 368; Brown v. Hyman (Co. Ct.) 27 N. Y. Supp. 436; Townsend v. Tolhurst, 57 Hun, 40, 10 N. Y. Supp. 378; Bank v. Quackenbush (N. Y.) 38 N. E. 728. Davidson v. Horn, 47 Hun, 51, differs from the case in hand, as the transcript was filed and the judgment docketed in the county court more than six years after the renditon of the judgment, and in the course of the opinion it was said:

"The right of the judgment debtor to avail himself of the statute of limitations as a bar became perfect before the transcript was filed with the clerk. And that right was a vested one, which could not be defeated even by subsequent legislation. * * * And it is difficult to see how the defendant could be divested of such right by the act of filing the transcript and docketing the judgment at the instance of the judgment creditor, inasmuch as the statute does not declare that it may be done after the time such right has accrued to the judgment debtor."

Following the cases cited they lead to an affirmance of the order. Order affirmed, with $10 costs and disbursements. All concur.