(17 App. Div. 183.)

## BECKER v. PORTER.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

EXECUTION—LEAVE TO ISSUE—STATUTE OF LIMITATIONS.
Code Civ. Proc. §§ 382, 3017 (before the amendment of 1894), requiring an action on a judgment of a justice court to be brought within six years, did not limit the power of the court to permit an execution to be issued on such judgment after the lapse of six years.

Appeal from Fulton county court.

Action by Charles H. Becker against John W. Porter. From an order granting leave to issue an execution, defendant appeals. Affirmed.

On the 25th day of November, 1887, a judgment was rendered in the justice's court of the town of Johnstown, Fulton county, N. Y., in favor of the plaintiff and against the defendant, for the sum of $148.60, and a transcript thereof was duly filed, and said judgment docketed, in the clerk's office on the 25th day of October, 1893. On the 7th day of December, 1896, upon applica-

tion by the plaintiff, the county court made an order granting leave to the plaintiff to issue an execution upon said judgment, from which order this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Horton D. Wright, for appellant.
C. M. Parke, for respondent.

HERRICK, J.   Under section 1377 of the Code of Civil Procedure the court may grant leave to issue an execution upon a judgment after the expiration of five years from its rendition.   This appeal must be determined upon the provisions of the Code as they existed prior to the amendments to sections 382 and 3017 by chapter 307 of the Laws of 1894.   Under the law as it then was, no action could be brought upon a judgment of a justice's court after the expiration of six years from its rendition by the justice.   Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560.   The appellant contends that, the statute of limitations having run against said judgment so as to prevent the commencement of an action thereupon, the judgment has become dead, and ineffective, and that there is no authority to issue an execution thereon.   It has heretofore been held that the statute of limitations acts simply upon the remedy, but does not impair the obligation.   Waltermire v. Westover, 14 N. Y. 16; Johnson v. Railroad Co., 54 N. Y. 416–424.   It follows from that that the statute of limitations prohibiting the commencement of an action upon such a judgment after the expiration of six years does not impair the obligation of the judgment, and is only effectual to cut off that remedy, and does not interfere with any other remedy to enforce the obligation thereof.   Accordingly it has been repeatedly held that courts may, by an order, permit an execution to be issued upon the judgments of courts not of record after the expiration of six years from their rendition.   Townsend v. Tolhurst, 57 Hun, 40, 10 N. Y. Supp. 378; Bolt v. Hauser, 57 Hun, 567, 11 N. Y. Supp. 366, 368; Anderson v. Porter (Com. Pl.) 27 N. Y. Supp. 646; Agar v. Curtiss, 8 App. Div. 337, 40 N. Y. Supp. 815, and cases cited. This practice has been too long settled by the courts to warrant our interfering with it now, and the order appealed from must be affirmed, with $10 costs and disbursements.   All concur.