Judgment reversed, new trial ordered, costs to appellant to abide event.

---

In the Matter of the Judicial Settlement of the Account of LEO E. MULLER and LOUIS H. MULLER, as Executors and Trustees of the Estate of ANNA MULLER, Deceased.

LEO E. MULLER and LOUIS H. MULLER, as Trustees of the Estate of ANNA MULLER, Deceased, Appellants; MARC J. E. MULLER, Respondent.

*Surrogate's Court — application by a beneficiary for the payment of interest accrued upon a trust fund — what is not a defense to such an application.*

Where, upon an application, under section 2722 of the Code of Civil Procedure, by a person entitled to the interest of a trust fund created by a will, to compel the executors and trustees named in the will to pay to him the income of such fund, it appears that for a period of over two years the executors have been in the receipt of, or chargeable with, income which should be applied to the petitioner's use; that their only defense is that they have made the petitioner payments, in advance of the receipt of income by them, which have been decided by the Surrogate's Court to have been improperly made, and it further appears that the accrued interest or a considerable portion of it would not, in any event, be necessary to reimburse them for the alleged overpayments, even were it ultimately decided that they were entitled to credit for them, the application should be granted.

APPEAL by Leo E. Muller and another, as trustees of the estate of Anna Muller, deceased, from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on

the 10th day of July, 1897, granting the petition of Marc J. E. Muller for the part payment of income due him under the trust created for his benefit in and by the will of said testatrix.

*William F. Randel*, for the appellants.

*Jacob Fromme*, for the respondent.

Order affirmed, with costs, on the opinion of the surrogate.

Present — BARRETT, RUMSEY, PATTERSON and O'BRIEN, JJ.

The following is the opinion of the surrogate :

ARNOLD, Surrogate :

This is an application under section 2722 of the Code of Civil Procedure. The petitioner is a son of the testatrix, and by the provisions of her will is entitled to the interest during his life of a trust fund now amounting to $6,000. He asks that the executors pay to him on account of accrued income the sum of $653.56. It is provided by the section referred to that, where an executor files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or on information and belief, the surrogate must make a decree dismissing the petition without prejudice to an action or accounting in behalf of the petitioner. It has been held that, in order to justify a dismissal of the petition, the answer must not only deny the validity or legality of the claim, but must also set forth facts which show that it is doubtful whether the claim is valid and legal. (*Hurlburt* v. *Durant*, 88 N. Y. 121; *Matter of Macaulay*, 94 id. 574; *Matter of Miller*, 70 Hun, 61.) One of the executors has filed an affidavit, sworn to by him, which is indorsed "Affidavit in opposition to motion." In this he does not deny in so many words the validity or legality of the petitioner's claim, but he sets forth various matters which are evidently thus presented for the purpose of showing that it is doubtful whether such claim is valid and legal. Assuming that this affidavit meets the requirements of an answer, duly verified, I have examined it, as well as the petition and all the papers referred to therein, to ascertain whether any such doubt is thereby raised. The substance of the respondents' allegations seems to be that there is nothing owing

to the petitioner.  One allegation is that the respondents have fully paid to the petitioner all sums of money to which he was or is entitled out of the income and interest from said estate, and that there is nothing due or owing to him from the income of Anna Muller's estate, as the affiant has been informed by his attorney and verily believes to be true.  Another, that, at the time the trustees filed their account, there was nothing due from the estate to the petitioner, as the affiant was informed by his attorney, and as appears from the report of the referee.  In another, that the amended answer in an action brought by the petitioner in the Supreme Court alleges that he has been fully paid, and that there is nothing due to him, and deponent herein alleges the same.  There are other statements in said affidavit, and there are statements in the petition which are not fully met in the affidavit, which must be taken in connection with the latter paper.  It appears that an accounting of the respondents has been pending for some time; that a referee was appointed thereon, and that he made a report which showed that the petitioner had received certain payments from the respondents and that there was a small balance against him by reason of overpayment up to 1895, and that, upon a previous application for an order directing payment of income to the petitioner, his petition was denied upon the ground of such apparent overpayment, without prejudice to renewal as to future income.  It also appears that, when said report came before this court, the presiding surrogate held that a large number of payments which had been allowed by the referee were not properly allowed for the reason that they were made before income was earned and in anticipation thereof, under the authorities of *Matter of Rutherford* (5 Dem. 499); *Matter of Odell* (1 Connolly, 91).  And it was also held that the respondents were chargeable with interest which they should have secured in addition to such as was charged to them by the referee.  The matter was sent back to the latter for further report in accordance with such decision.  It is shown that the petitioner has no means wherewith to take up the referee's report, which is now ready.  The respondents' affidavit dwells upon the unfairness of the petitioner in making the objections which are sustained by the surrogate, and avers that whenever any decree is entered thereon they intend to appeal therefrom, but these are matters which are not pertinent to the present application.  The petitioner has not received

any income from this trust fund, expressly created for his benefit by the testatrix, since the beginning of 1894, and there is no doubt whatever that the respondents have been for a period of over two years in the receipt of or chargeable with income which should be applied to his use. Their only defense appears to be that they have made him payments which have been, after full argument, decided to have been improperly made, and which, notwithstanding such decision, they claim, under advice of counsel, to have been proper payments. While this question is being litigated they refuse to pay over any income to the petitioner, notwithstanding the same, or a considerable portion thereof, would not be necessary in any event to reimburse them for the alleged overpayments. No facts are shown to me which, in my opinion, render it doubtful that the claim of the petitioner to the sum he now seeks for is valid and legal.

The petitioner is entitled to its payment and I grant his application therefor.