## WARNER v. BARTLE.

(Supreme Court, Appellate Division, Third Department. March 8, 1899.)

1. JUSTICE'S JUDGMENT—LIMITATIONS.

A justice's judgment, which from the time of filing in the county clerk's office becomes a "judgment of the county court," as provided by Code Proc. § 63, is a statutory judgment of the county court only, and not one rendered therein so as to be subject to the 20-year limitation applicable to actions on judgments "rendered in a court of record."

2. SAME—BAR—REMOVAL.

Where the 6-year limitation had run against a justice's judgment docketed in the county clerk's office, the bar was not removed by Laws 1894, c. 307, subsequently enacted, making judgments so docketed subject to the 20-year limitation provided for judgments rendered in a court of record.

3. SAME—EXECUTION—ACTION—SPECIAL PROCEEDING.

An execution on a judgment is neither an action nor a special proceeding, and hence a statute might properly authorize its issuance after an action on the judgment was barred by limitations.

4. SAME—JUDGMENT—LIMITATIONS—PRIOR STATUTE—APPLICATION.

A judgment is subject to the existing statute of limitations relating thereto, since such statute affects the remedy thereunder, and hence former statutes are no further applicable than the saving clause of a new statute makes them so.

**5. SAME—CHANGE.**

The legislature may change limitations relating to judgments, providing it allows a reasonable time for judgment creditors to pursue remedies not barred by the former statute.

**6. SAME—REMEDIES UNDER FORMER STATUTE—TIME TO PURSUE.**

An allowance of two years to judgment creditors to pursue remedies, not barred by a former statute of limitations, made in the enactment of a new one, is reasonable.

Appeal from surrogate's court, Chenango county.

Petition by Jerome S. Warner, as administrator of Stebbins Warner, deceased, against Marcia S. Bartle, as administratrix of David W. Bartle, deceased, for a decree directing defendant to pay a judgment against her decedent in favor of plaintiff's decedent. From a decree dismissing the petition without prejudice (50 N. Y. Supp. 940), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James H. Stevens, for appellant.
Samuel S. Stafford, for respondent.

LANDON, J. This is a special proceeding. Code Civ. Proc. §§ 2516, 2517, 3334; In re Miller, 70 Hun, 61, 23 N. Y. Supp. 1104. It was commenced December 3, 1897, under section 2722, before the surrogate of Chenango county, to compel the administratrix of the estate of the judgment debtor to pay a judgment rendered in favor of the appellant's intestate in a justice's court of Steuben county April 16, 1877, for $150.63, a transcript whereof was filed and the judgment docketed in the clerk's office of that county May 10, 1880. The judgment was docketed in Chenango county January 15, 1890, upon filing a transcript thereof from the Steuben county clerk. The judgment has not been paid, and no execution was ever issued thereon. The personal estate of the judgment debtor is ample to pay it, without injuriously affecting the rights of others equal or prior in equality. January 28, 1897, the Steuben county court, upon notice to the judgment debtor, and after hearing his counsel in opposition, ordered that execution issue thereon to the sheriff of Chenango county, or any other county in which the transcript thereof had been filed and judgment docketed, upon filing a certified copy of such order in such county. The order was duly filed, but the judgment debtor died February 3, 1897, before execution was issued. The respondent was appointed administratrix of the judgment debtor February 18, 1897, and this application, under section 2722, could not be made until six months thereafter. It is based upon a petition reciting the above facts. The administratrix, by her answer, alleges the statute of limitations, and thereupon alleges, in the words of the section, "that it is doubtful whether the petitioner's claim is valid and legal," and therefore denies its validity.

We think the decree appealed from should be affirmed. The judgment was "rendered in a court not of record"; and as the law was up to the amendments of sections 376, 382, and 3017, in 1894 (Laws 1894, c. 307), an action could not be commenced upon it after six

years from the date it was rendered, notwithstanding its docket in the county clerk's office. Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560. The appellant contends that, under section 63 of the former Code, by the docketing of the judgment in the Steuben county clerk's office in 1880 it became "from that time a judgment of the county court," and therefore the 20-years statute of limitations governing judgments of the county court applies. We are compelled by Dieffenbach v. Roch, which relates to a like judgment rendered in 1875, and docketed the same year (2 years earlier than the one before us), to hold that it was a statutory judgment of the county court, and not one rendered therein, and that, therefore, the 6-years limitation applies. The same limitation applies to a special proceeding. Code Civ. Proc. § 414; In re Depuy (Sup.) 8 N. Y. Supp. 229. The amendments in 1894 above referred to placed judgments rendered in a justice's court, when duly docketed as county court judgments, within the 20-years limitation. Raphael v. Mencke, 28 App. Div. 91, 50 N. Y. Supp. 920. But as the 6 years had already run since the judgment was rendered, and, indeed, before it was docketed in Chenango county, a subsequent change in the statute would not remove the bar. Shriver v. Shriver, 86 N. Y. 580; Davidson v. Horn, 47 Hun, 53.

We are cited to cases in which executions upon such judgments to which the amendments of 1894 did not apply had been directed to issue more than 6 years after they were rendered. Becker v. Porter, 17 App. Div. 183, 45 N. Y. Supp. 296; Raphael v. Mencke, supra, and cases there cited. They follow Waltermire v. Westover, 14 N. Y. 16, which holds that the judgment may be valid as a lien, though barred by the statute of limitations, if such is the purport of the respective statutes. A statute of limitations does not pay a debt, but it bars the particular remedies which it forbids. It may be so framed as to impair the obligation of the contract, although it purports to affect the remedy only. Bronson v. Kinzie, 1 How. 311. Hence it must be strictly construed, and also because it is in derogation of the common law. An execution is neither an action nor a special proceeding, and therefore the statute might authorize its issue any time within the 20 years, notwithstanding the 6-years statute of limitation. No doubt, this was an incongruity. The amendments of 1894 tend to remove it. Hence the cases relating to executions do not necessarily conflict with those relating to actions and special proceedings. And hence, also, the order of the Steuben county court made in 1897, directing that an execution issue, is not an adjudication that an action or special proceeding will lie.

The judgment was rendered before the present Code took effect, but, as the statute of limitations affects the remedy, the remedy must be pursued under existing statutes, and former statutes affecting remedies are no further applicable than the saving clauses of the new statutes make them so. Acker v. Acker, 81 N. Y. 143. Subdivision 3 of section 414 is here such saving clause. It has been construed as continuing the statutes of limitation existing when the new Code took effect for 2 years thereafter in favor of parties then having causes of action, but not as extending the periods of limitation prescribed by such superseded statutes for 2 years longer. Viets

v. Bank, 101 N. Y. 563, 5 N. E. 457. Assuming that, under section 90 of the old Code, the 20-years limitation applied to this judgment, it was competent for the legislature to change the limitation, provided it allowed a reasonable time for the judgment creditor to pursue his remedy. Two years were given, and that was a reasonable time. McGahey v. Virginia, 135 U. S. 704, 10 Sup. Ct. 972; People v. Turner, 117 N. Y. 227, 22 N. E. 1022.

Decree affirmed, with costs. All concur.