ABRAHAM RAPHAEL, Respondent, v. ABRAHAM MENCKE, Appellant, Impleaded with MARKS MOSCOWITZ.

*Judgment of a court not of record — a failure to docket it within six years, prior to 1894, affected the remedy only — effect of chapter 307 of 1894.*

Prior to the act of 1894 (Chap. 307) amending sections 376, 382 and 3017 of the Code of Civil Procedure, an action upon a justice's judgment could not be commenced after the expiration of six years from its rendition, although upon the filing with the county clerk within that period of a transcript of such judgment it might after that period be enforced by execution.

By the act of 1894 the distinction in the Statute of Limitations applicable to a justice's judgment, as to which the remedy by action only was extinguished, and that applicable to the judgment of a court of record, which was presumed to be paid, was abolished; and upon the filing within six years of a transcript of a justice's judgment the twenty years' Statute of Limitations with its presumption of payment applies to such judgment in the same manner as to judgments of courts of record.

APPEAL by the defendant, Abraham Mencke, from an order of the Supreme Court, made at the New York Special Term, bearing date the 3d day of February, 1898, and entered in the office of the clerk of the county of New York, granting the plaintiff's motion for leave to issue execution upon a judgment obtained in the action.

The judgment was recovered in the District Court of the city of New York upon the 21st of March, 1887. No execution was ever issued upon it. The judgment was docketed in the office of the county clerk of New York county on the 4th of June, 1892. Thereafter, in December, 1897, the plaintiff moved for leave to issue execution upon the judgment, under section 1377 of the Code of Civil Procedure. The motion was granted.

*William J. Walsh*, for the appellant.

*David E. Grossman*, for the respondent.

BARRETT, J.:

The weight of authority favors the conclusion that, although prior to the act of 1894 (Chap. 307) an action upon a justice's judgment could not be commenced after the expiration of six years from its rendition (*Dieffenbach* v. *Roch*, 112 N. Y. 621), yet, upon the filing with the county clerk, within that period, of a transcript of such judgment, it might after that period be enforced by execution. (*Waltermire* v. *Westover*, 14 N. Y. 16; *Kincaid* v. *Richardson*, 9 Abb. N. C. 315; *Townsend* v. *Tolhurst*, 57 Hun, 40; *Bolt* v. *Hauser*, Id. 567; *Green* v. *Hauser*, 31 N. Y. St. Repr. 17; *Anderson* v. *Porter*, 7 Misc. Rep. 218; *Coleman* v. *Burr*, 25 Hun, 239; *Rose* v. *Henry*, 37 id. 397; *Herder* v. *Collyer*, 22 Abb. N. C. 461; *In re Gates' Estate*, 21 N. Y. Supp. 576.) It was held in *Waltermire* v. *Westover* (*supra*) that the Statute of Limitations with regard to such judgments related solely to the remedy and not to the right. The rule is different with regard to the judgment of a court of record. There it was, and still is, expressly provided (Code Civ. Proc. § 376) that such judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was entitled to a mandate to enforce it. Prior to 1894 no such provision was made with regard to the judgments of courts not of record. As to such judgments it was simply provided that an

action thereupon must be. commenced within six years. Thus, in the one case there was a presumption of payment, which went to the right; in the other merely the deprivation of a particular remedy. The appellant here says that this view gives to a justice's judgment practically longer life than to the judgment of a court of record. A similar criticism was formerly made in cases where the right to issue execution upon a justice's judgment after six years was denied. (*Matter of Phelps*, 6 Misc. Rep. 397; *Herrmann* v. *Stalp*, 24 N. Y. St. Repr. 40.) It was, probably, because of this criticism, and, undoubtedly, to settle the question, that chapter 307 of the Laws of 1894 (amending §§ 376, 382 and 3017 of the Code of Civil Procedure) was enacted. By these amendments all conflict of authority upon the subject is set at rest; and now, upon the filing within six years of a transcript of a justice's judgment, the twenty years' Statute of Limitation, with its presumption of payment, applies to such judgment the same as to judgments of courts of record. The case of *Dieffenbach* v. *Roch* (*supra*) does not overrule or conflict with the rule laid down in *Waltermire* v. *Westover* (*supra*). That rule has since been followed and applied to cases arising under the Code of Procedure and the Code of Civil Procedure; and we do not find that its applicability has been questioned except in the two cases to which we have referred. The weight of reason, as well as of authority is contrary to the view taken in these two cases; and we think that the only remedy which the plaintiff lost upon the expiration of six years from the date of the recovery of his judgment was a right of action thereupon.

It follows that the order of the Special Term granting the plaintiff leave to issue execution upon the judgment was right, and should be affirmed, with ten dollars costs and the disbursements of the appeal.

VAN BRUNT, P. J.; RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.