In the Matter of the Claim of JEROME S. WARNER, as Administrator, etc., of STEBBINS WARNER, Deceased, Appellant, against MARCIA S. BARTLE, as Administratrix, etc., of DAVID W. BARTLE, Deceased, Respondent.

*Justice's judgment — its docket in the county clerk's office — change in the Statute of Limitations applicable to it — effect of a direction that an execution issue.*

Assuming that, under section 90 of the Code of Procedure, the twenty years' Statute of Limitations was applicable to an action or special proceeding to enforce a judgment rendered by a justice of the peace, it was competent for the Legislature, in enacting the Code of Civil Procedure, to shorten the period of limitation to six years, it having allowed the judgment creditor a reasonable time (two years) within which to pursue his remedy.

The amendment in 1894 of sections 376, 382 and 3017 of the Code of Civil Procedure, by which judgments rendered by a justice of the peace and docketed

in the county clerk's office are removed from the six years and brought within the twenty years' Statute of Limitations, did not remove the bar of the statute to an action or special proceeding upon a justice's judgment which was rendered in 1877 and docketed in the county clerk's office in 1880; and a proceeding instituted in a Surrogate's Court in 1897, to compel the administratrix of the judgment debtor to pay the judgment, will not be sustained.

An order of the County Court, made in 1897, directing that an execution issue upon the judgment, is not an adjudication that an action or special proceeding may be brought thereon.

APPEAL by the claimant, Jerome S. Warner, individually and as administrator, etc., of Stebbins Warner, deceased, from a decree of the Surrogate's Court of the county of Chenango, entered in said Surrogate's Court on the 19th day of September, 1898, denying the claimant's motion for a decree directing Marcia S. Bartle, as administratrix, etc., of David W. Bartle, deceased, to pay the judgment upon which the claimant's claim is based, without prejudice to an action or an accounting.

*James H. Stevens*, for the appellant.

*Samuel S. Stafford*, for the respondent.

LANDON, J.:

This is a special proceeding. (Code Civ. Proc. §§ 2516, 2517, 3334; *Matter of Miller*, 70 Hun, 61.) It was commenced December 3, 1897, under section 2722 of the Code of Civil Procedure, before the surrogate of Chenango county, to compel the administratrix of the estate of the judgment debtor to pay a judgment rendered in favor of the appellant's intestate, in a Justice's Court of Steuben county, April 16, 1877, for $150.63, a transcript whereof was filed and the judgment docketed in the clerk's office of that county May 10, 1880. The judgment was docketed in Chenango county January 15, 1890, upon filing a transcript thereof from the Steuben county clerk. The judgment has not been paid, and no execution was ever issued thereon. The personal estate of the judgment debtor is ample to pay it, without injuriously affecting the rights of others equal or prior in right. January 28, 1897, the Steuben County Court, upon notice to the judgment debtor and after hearing his counsel in opposition, ordered that execution issue thereon to the sheriff of Chenango county or any other county in which the transcript thereof had been filed and judgment docketed, upon

filing a certified copy of such order in such county. The order was duly filed, but the judgment debtor died February 3, 1897, before execution was issued. The respondent was appointed administratrix of the judgment debtor February 18, 1897, and this application, under section 2722, could not be made until six months thereafter. It is based upon a petition reciting the above facts. The administratrix, by her answer, alleges the Statute of Limitations, and thereupon alleges, in the words of the section, "that it is doubtful whether the petitioner's claim is valid and legal," and, therefore, denies its validity.

We think the decree appealed from should be affirmed. The judgment was "rendered in a court not of record," and as the law was up to the amendments of sections 376, 382 and 3017 in 1894, an action could not be commenced upon it after six years from the date it was rendered, notwithstanding its docket in the county clerk's office. (*Dieffenbach* v. *Roch*, 112 N. Y. 621.) The appellant contends that, under section 63 of the former Code, by the docketing of the judgment in the Steuben county clerk's office in 1880, it became "from that time a judgment * * * of the county court," and that, therefore, the twenty years' Statute of Limitations governing judgments of the County Court applies. We are compelled by *Dieffenbach* v. *Roch*, which relates to a like judgment rendered in 1875, and docketed the same year, two years earlier than the one before us, to hold that it was a statutory judgment of the County Court, and not one rendered therein, and that, therefore, the six years' limitation applies. The same limitation applies to a special proceeding. (Code Civ. Proc. § 414; *Matter of Depuy*, 28 N. Y. St. Repr. 42.) The amendments in 1894, above referred to, placed judgments rendered in a Justice's Court, when duly docketed as County Court judgments, within the twenty years' limitation (*Raphael* v. *Mencke*, 28 App. Div. 91), but as the six years had already run since the judgment was rendered, and indeed before it was docketed in Chenango county, a subsequent change in the statute would not remove the bar. (*Shriver* v. *Shriver*, 86 N. Y. 575; *Davidson* v. *Horn*, 47 Hun, 53.)

We are cited to cases in which executions upon such judgments, to which the amendments of 1894 did not apply, have been directed to issue more than six years after they were rendered. (*Becker* v.

*Porter*, 17 App. Div. 183; *Raphael* v. *Mencke, supra*, and cases there cited.) They follow *Waltermire* v. *Westover* (14 N. Y. 16), which holds that the judgment may be valid as a lien, though barred by the Statute of Limitations, if such is the purport of the respective statutes. A statute of limitation does not pay a debt, but it bars the particular remedies which it forbids. It may be so framed as to impair the obligation of the contract, although it purports to affect the remedy only. (*Bronson* v. *Kinzie*, 1 How. [U. S.] 311.) Hence, it must be strictly construed, and also because it is in derogation of the common law. An execution is neither an action nor a special proceeding, and, therefore, the statute might authorize its issue any time within the twenty years, notwithstanding the six years' Statute of Limitation. No doubt this was an incongruity; the amendments of 1894 tend to remove it. Hence, the cases relating to executions do not necessarily conflict with those relating to actions and special proceedings. And hence, also, the order of the Steuben County Court, made in 1897, directing that an execution issue, is not an adjudication that an action or special proceeding will lie.

The judgment was rendered before the present Code took effect; but as the Statute of Limitations affects the remedy, the remedy must be pursued under existing statutes, and former statutes affecting remedies are no further applicable than the saving clauses of the new statutes make them so. (*Acker* v. *Acker*, 81 N. Y. 143.) Subdivision 3 of section 414 of the Code of Civil Procedure is here such saving clause. It has been construed as continuing the Statutes of Limitation existing when the new Code took effect for two years thereafter in favor of parties then having causes of action, but not as extending the periods of limitation prescribed by such superseded statutes for two years longer. (*Viets* v. *Union National Bank of Troy*, 101 N. Y. 563.) Assuming that, under section 90 of the old Code, the twenty years' limitation applied to this judgment, it was competent for the Legislature to change the limitation, provided it allowed a reasonable time for the judgment creditor to pursue his remedy. Two years were given, and that was a reasonable time. (*McGahey* v. *Virginia*, 135 U. S. 704; *People* v. *Turner*, 117 N. Y. 227.)

All concurred.

Decree affirmed, with costs.