(Surrogate's Court, New York County. December, 1902.)

1. JUDGMENT—LIEN—LIMITATIONS—AMENDMENT.

Under the laws existing in 1884 the statute of limitation was a bar to a judgment in six years after it was rendered. By Laws 1894, c. 307, Code Civ. Proc. §§ 376, 382, 3017, were amended so as to make the 20-years limitation apply to all judgments thereafter docketed. *Held* that, a judgment docketed in 1884 being barred before Laws 1894, c. 307, took effect, such statute did not give such judgment any validity.

In the matter of the estate of George Guttroff. Application for an order requiring administratrix to pay judgment recovered against decedent. Denied.

Charles Thaddeus Terry, for petitioner.

Max Steinert, for administratrix.

THOMAS, S. The application is for an order requiring the administratrix to pay a judgment recovered against the decedent on May 3, 1884, in the Seventh judicial district court of the city of New York. A transcript of said judgment was filed and docketed in the office of the county clerk on May 7, 1884. The decedent died on June 22, 1899. The administratrix appears, and orally admits the possession of sufficient assets, but urges that under the six-years statute of limitation the claim is barred. In Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829, decided in 1889, it was determined that under the law as it then stood the statute of limitations became a bar against such a judgment in six years after it was rendered. By chapter 307 of the Laws of 1894, sections 376, 382, and 3017 of the Code of Civil Procedure were amended so as to make the 20-years' limitation apply to all judgments "hereafter [to wit, thereafter] docketed pursuant to the provisions of section 3017." Section 376. At this time the six-years statute had run against the judgment now being considered, and section 3017 forbade the new docketing of a judgment of a court of record after the expiration of six years from its rendition. It is quite true, as contended by counsel for the creditors, that the legislature might constitutionally have enacted a retroactive statute of limitation. Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59; Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483. The difficulty is that they carefully guarded against doing anything of the kind by limiting the force of the amendment to judgments which might be docketed "hereafter," to wit, after the amendment became a law. The judgment was barred before the amendment, and the amendment did not give it any force or vitality. In re Warner, 39 App. Div. 91, 56 N. Y. Supp. 585. The application is denied.

Application denied.