FIRST DEPARTMENT, JUNE, 1934.

IDA A. JONSON, Suing upon Her Own Behalf as Stockholder and for the Benefit of All Other Stockholders of TUDOR CITY SEVENTH UNIT, INC., Similarly Situated, Who May Elect to Come in and Contribute to the Expense of This Action, Appellant, *v.* FRED F. FRENCH MANAGEMENT CO., INC., and Others, Respondents, Impleaded with FRED F. FRENCH SECURITIES CO., INC., and Others, Defendants. (Consolidated Appeals.)

Orders reversed, with twenty dollars costs and disbursements, and each motion denied, with ten dollars costs. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Untermyer, JJ.; Finch, P. J., and Untermyer, J., dissent and vote for affirmance. Dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). It appears to me that affidavits may and, indeed, must be used on a motion to strike out as " sham " matter contained in a pleading under rule 103 of the Rules of Civil Practice. Otherwise we completely defeat the purpose of the rule, for it is impossible to determine, without consideration of affidavits, whether allegations of the complaint or answer which are sufficient on their face are false in fact. (*Fleischer* v. *Terker*, 259 N. Y. 60; *People* v. *McCumber*, 18 id. 315.) We likewise disregard the distinction between an allegation which is " sham," because it is demonstrated to be false, and one which mere inspection reveals to be " frivolous." I perceive no reason for refusing to apply to a part of a pleading which is challenged as " sham " under rule 103 substantially the same principles that we constantly apply to an answer or complaint on a motion for summary judgment under rule 113. The moving defendants established by affidavits which are uncontradicted that the allegations of the complaint to which the motions were directed are sham. I think the motions were, therefore, properly granted and that the orders appealed from should be affirmed. Finch, P. J., concurs.