PRIMARY REALTY CORPORATION, Plaintiff, *v.* AARON LIBRETT and
Another, Defendants.

Supreme Court, Westchester County, November 27, 1941.

*Aaron Kahan*, for the plaintiff.

*J. Lester Albertson*, for the defendant Mandeville.

NOLAN, J. Plaintiff moves to confirm a referee's report of
sale, in an action to foreclose a mortgage, and for a deficiency
judgment, in the amount of the deficiency reported by the referee,
as determined by deducting from the amount due upon the bond and
mortgage, with interest and costs, the proceeds of sale. The
mortgage foreclosed, and the bond which it secured, were executed
subsequent to July 1, 1932, and prior to April 7, 1938. They were
not affected by the provisions of section 1083-a of the Civil Practice
Act. The question presented here is whether the amount of the
deficiency, if any, must be decided pursuant to the provisions of
section 1083 of the Civil Practice Act, as amended by chapter 510
of the Laws of 1938.

The judgment provides that " if the proceeds of sale will be
insufficient to pay the amount so reported due to the plaintiff,

with the expenses of sale, interest, costs and allowances, as aforesaid, the said referee specify the amount of such deficiency in his report of sale, and that the defendants Aaron Librett and Owen A. Mandeville, after compliance by the plaintiff with section 1083-a of the Civil Practice Act, pay the same to plaintiff, and that said plaintiff have execution therefor."

It thereby appears that the liability of the answering defendants was adjudicated in the foreclosure action, and that they were adjudged liable to pay the deficiency specified by the referee, provided only that the plaintiff should comply with section 1083-a of the Civil Practice Act. All that section 1083-a of the Civil Practice Act required the plaintiff to do was to move, simultaneously with the motion to confirm the sale, if such motion was made as therein provided, for leave to enter a deficiency judgment, on notice. This the plaintiff has done. By so doing, it has fully complied with the provisions of section 1083-a, in so far as that section imposes any duty on a person asking a deficiency judgment. The judgment in this action does not provide that the amount of the deficiency for which judgment shall be entered shall be determined as provided in section 1083-a. It does provide for the entry of a judgment in the amount as computed, and reported by the referee, after compliance by plaintiff with section 1083-a. Such being the case, plaintiff is entitled to a judgment in such amount, unless the provisions of section 1083, as amended, control the entry of such a judgment.

That section, as amended by chapter 510 of the Laws of 1938, provides that the court, in an action to foreclose a mortgage, may award judgment against a person who has been made a party, and who has been served, or who has appeared, and who is liable to the plaintiff for the payment of the mortgage debt, in the amount of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds of sale. The manner of determining the amount of the judgment to be entered is provided in the statute. If the provisions of the section are to be applied to the judgment in this action, then the amount of the deficiency judgment, if any, to be entered on plaintiff's application, must be determined as therein provided.

The question of the propriety of the application of this section, as amended, to mortgages executed prior to the effective date of the amendment, has been often before the courts. (See *Home Owners' Loan Corp.* v. *Margolis*, 168 Misc. 945; *Otselic Valley National Bank* v. *Dapson*, 170 id. 514; *Tompkins County Trust Co.* v. *Herrick*, 171 id. 929; *National City Bank* v. *Gelfert*, 257

App. Div. 465; revd., 284 N. Y. 13, which was revd. in *Gelfert* v. *National City Bank*, 313 U. S. 221.) That the question is not free from considerable doubt is demonstrated by the conflicting views entertained in the cases cited. The court is aware of the fact that the Court of Appeals held that the statute, as amended, could not be constitutionally applied to mortgage contracts made prior to the effective date of the amendment (*National City Bank* v. *Gelfert, supra*), and that the Supreme Court of the United States, in passing on the same question, as between the same parties (*Gelfert* v. *National City Bank, supra*), expressly confined the application of its decision to a situation such as that presented, where the mortgagee purchased the property at foreclosure. Plaintiff urges that since the decision of the Supreme Court of the United States was so confined in its application, this court must follow the law as established by our Court of Appeals in the *Gelfert* case, and apply the law thus established to any state of facts presented, other than the state of facts presented to the Supreme Court of the United States. The answer to that contention is that our Court of Appeals in the *Gelfert* case did not pass on any state of facts other than that presented to the Supreme Court of the United States. What the views of that learned court with respect to the facts presented here will be, may be determined only on the presentation of those facts to that court.

The statute itself makes no distinction between cases in which the property is purchased by the mortgagee, and cases in which a third party becomes the purchaser. It is obviously designed to control judicial sales in foreclosure, so that property may not be sold at sacrificial prices, and the mortgagees will not be paid more than once. (See *Honeyman* v. *Jacobs*, 306 U. S. 539.) If the legislation is to be effective, it would seem necessary to apply it, not only to situations where the mortgagee purchases the property sold, but also to cases where property is purchased by a third party. So to construe the statute may impose on the mortgagee a burden not contemplated at the time of the making of mortgage contracts which were executed prior to April 7, 1938. To construe it as applicable only to situations where the property is purchased by the mortgagee, however, will simplify evasions of the statute, and may render it entirely ineffective as against a mortgagee who may act through an agent, or a " dummy." To construe the statute as applicable to all sales, will not deny the mortgagee the right to a deficiency judgment, but will prescribe simply a different method of computing the deficiency, upon which the judgment shall be entered. (See *Home Building and Loan Assn.* v. *Blaisdell*, 290 U. S. 398; *Gelfert* v. *National City Bank, supra*.) He may still

make himself whole, if necessary, out of the security, and may have judgment for the residue of the mortgage debt, after applying thereto the value of the security sold. Such restriction of the rights of a mortgagee has been held constitutionally valid, as applied to a mortgagee who has purchased the mortgaged premises on foreclosure. (*Honeyman* v. *Jacobs, supra; Gelfert* v. *National City Bank, supra.*) To extend the rule to include all cases, will not, in my opinion, impose such additional burden on the mortgagee, as will bring the statute in conflict with the contract clause of the Federal Constitution.

Accordingly the court holds that the amount of the deficiency judgment applied for must be determined in accordance with the provisions of section 1083 of the Civil Practice Act, as amended by chapter 510 of the Laws of 1938. The motion to confirm the referee's report will be granted, and the question of the fair and reasonable value of the mortgaged premises, as of the date of sale, or such earlier date when there shall have been any market value therefor, will be referred to an official referee to determine and report.