GREENWICH SAVINGS BANK, Respondent, *v.* ECKFORD REALTY CORPORATION et al., Defendants, and ESTELLE REINSCHREIBER, Defendant-Appellant.

First Department, June 16, 1944.

*Nathan Weinstein* of counsel (*Marshall H. Rosett* with him on the brief; *Rosett & Weinstein,* attorneys), for appellant.

*Alfred W. Bergren* of counsel (*Middlebrook & Sincerbeaux,* attorneys), for respondent.

TOWNLEY, J. The appellant was the owner of the fee of the premises covered by the mortgage herein amounting to $12,000. The rate of interest of the mortgage was 5½% payable semi-annually. The mortgage after being extended became due on May 4, 1930. Before the due date as extended, the appellant sold the property and became a surety for the performance of the obligations under the mortgage by the new owner.

The pleadings, the testimony and the decision establish "That subsequent to the maturity of said mortgage and the assignment thereof to plaintiff and said agreement of extension dated May 4, 1925, it was agreed that interest should be payable at the rate of four per cent (4%) per annum and should be payable quarterly but in all other respects the terms of the bond and mortgage and said agreement of extension dated May 4, 1925, were ratified and confirmed."

In 1942 the plaintiff began a foreclosure action alleging that the then owner of the premises was in default by reason of failing to pay installments of interest at 4%. The appellant was made a party. She pleaded that after the date of the maturity of the mortgage and without her knowledge, plaintiff made a certain agreement with the owner of the premises. By this agreement a reduction of the rate of interest and a change in the dates of payment were made. The plea was that this materially changed the obligations of herself as surety. She, therefore, claimed that she was discharged from all further obligation because the value of the land at the time of the modification was greater than the whole amount of principal and interest due thereon.

Regardless of any other points, we think it clear that there was a binding mutual obligation by which the rate of interest was reduced permanently and the dates of payment were changed from semiannually to quarterly. This unquestionably altered the obligation and discharged the surety.

The Court of Appeals in *Becker* v. *Faber* (280 N. Y. 146) laid down the rule that a mere agreement to accept less than the stipulated interest, an act of leniency, would not discharge a surety. The court, however, was careful to reaffirm the established rule in New York as follows: "Alteration of the contractual obligation of the principal releases the surety, for the principal is no longer bound to perform the obligation guaranteed by the surety and the surety cannot be held responsible for the failure of the principal to perform any other obligation. The rule is based upon fundamental principles of contract which have not been seriously challenged in any jurisdiction, though

there is difference of opinion in regard to the proper application of the rule. In this State the rule has been applied stringently. This court has said that the ' defendant's [surety's] obligation is *strictissimi juris,* and he is discharged by any alteration of the contract, to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury.' (*Page* v. *Krekey,* 137 N. Y. 307, 314; *Paine* v. *Jones,* 76 N. Y. 274, 278; *Antisdel* v. *Williamson,* 165 N. Y. 372.) "

The arrangement here was not a mere act of leniency but a definite agreement by which both interest rate and dates of payment were changed.

The judgment, so far as appealed from, should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.