L. C. EYEINGTON, Plaintiff, *v.* ALBERT C. PARDEE et **al.,**
Defendants.*

County Court, Erie County, March 21, 1945.

*Charles P. Penney* for defendants.

*Hyman Karnofsky* for plaintiff.

WARD, J. This is a motion for judgment dismissing the complaint, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice, on the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon.

The complaint alleges a cause of action upon a bond and mortgage secured by certain real property in this county. These instruments were made and sealed by the defendants

---

* See, also, *Levy* v. *Jones,* 269 App. Div. 295, and *Stuebner* v. *Stuebner,* 184 Misc. 1034.— [REP.

Pardee on December 15, 1928, and the principal sum to be paid thereby became due on May 1, 1934, the last payment having been made on April 9, 1934.

This action was commenced by the service of a summons and complaint upon the defendants on December 20, 1944.

The defendants contend that the cause of action is barred by section 47-a of the Civil Practice Act (L. 1938, ch. 499, as amd. by L. 1941, ch. 329) since it was not commenced within six years after September 1, 1938. The plaintiff argues, however, that section 47-a of the Civil Practice Act, as amended by chapter 329 of the Laws of New York of 1941, had an effective date of September 1, 1941, and, therefore, this action is timely since it was commenced prior to September 1, 1947.

Section 1 of chapter 499 of the Laws of 1938 amended section 47 of the Civil Practice Act by adding the italicized words to the first paragraph, as follows: " *Except as otherwise provided by section forty-seven-a* an action upon a sealed instrument must be commenced within twenty years after the cause of action has accrued." (Italics supplied.)

By section 2 of the same chapter of the Laws of 1938, a completely new section was added to the Civil Practice Act, as follows: " § 47-a. *Actions on bonds and/or mortgages secured by real property to be commenced within six years.* 1. An action upon a bond, the payment of which is secured by a mortgage upon real property, or upon a bond and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years after the cause of action has accrued. Where the action is brought for breach of a covenant of seizin or against incumbrances, the cause of action, for the purposes of this section only, is deemed to have accrued upon an eviction, and not before.

" 2. This section shall apply to all causes of action enumerated in subdivision one, whether heretofore or hereafter accruing except that in the case of such a cause of action heretofore accrued, if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period longer than six years, such period shall be shortened to six years from the effective date of this section and except further that if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period shorter than six years, such period shall not be enlarged by the enactment of this section." (This act took effect September 1, 1938.)

Unless this new section 47-a of the Civil Practice Act is unconstitutional, or has been changed by subsequent constitu-

tional enactment, actions on bonds and/or mortgages secured by real property must be commenced within six years after the cause of action has accrued, or six years after September 1, 1938, the effective date thereof, if the cause of action accrued before said date and would have otherwise had a limitation period of longer than six years. (See *Futherer* v. *Agnew*, 24 N. Y. S. 2d 273, 277, affd. 261 App. Div. 876; *Rochester Savings Bank* v. *Stoeltzen & Tapper, Inc.*, 176 Misc. 140.)

There is no question as to the power of the Legislature to pass, or to shorten, Statutes of Limitation, provided that a reasonable time be allowed for suits upon causes of action theretofore existing. "The right possessed by a person enforcing his claim against another is property and if a statute of limitations, acting upon that right, deprives the claimant of a reasonable time within which suit may be brought, it violates the constitutional provision that no person shall be deprived of property without due process of law." (*Gilbert* v. *Ackerman*, 159 N. Y. 118, 124.)

It is the policy of the law to discourage litigations, and it thereby requires a creditor to bring his action within a reasonable and prescribed period or to take the risk of losing his remedy, for claims of long standing open the door to fraud and perjury. Contract actions have long been barred after six years from accrual (see Civ. Prac. Act, § 48, and its history) and actions on bonds and mortgages are contract actions. Therefore, the new six-year limitation on such actions is reasonable and constitutional.

It only remains, for the solution of this case, to see what changes, if any, were made in section 47-a of the Civil Practice Act by sections 6, 7, 8, 9 and 10 of chapter 329 of the Laws of 1941.

Section 6 of chapter 329 of the Laws of 1941 amended section 47 of the Civil Practice Act, by changing the limitation period upon a sealed instrument from twenty to six years, and then added: "2. This section shall apply to all causes of action enumerated in subdivision one, whether heretofore or hereafter accruing, except that in the case of such a cause of action heretofore accrued, if, on September first, nineteen hundred forty-one, there remains of the time heretofore limited for the commencement of an action thereon a period longer than six years, such period shall be shortened to six years from September first, nineteen hundred forty-one and except further that if, on September first, nineteen hundred forty-one, there remains of the time heretofore limited for the commencement of an action

thereon a period shorter than six years, such period shall not be enlarged."

Section 7 of chapter 329 of the Laws of 1941 *amended* section 47-a of the Civil Practice Act by *deleting* the second sentence of paragraph 1, concerning breach of covenant of seizin or against incumbrances, and placing it in section 11 of the Civil Practice Act (L. 1941, ch. 329, § 9); otherwise section 47-a remained the same verbatim.

Section 8 of chapter 329 of the Laws of 1941 amended section 48 of the Civil Practice Act, relating to the six-year-rule, by adding to paragraph 1, the following italicized words: " 1. An action upon a contract obligation or liability express or implied, except a judgment *and except as provided by section forty-seven and section forty-seven-a.*" (Italics supplied.)

Chapter 329 of the Laws of 1941 became effective September 1, 1941. (See § 10 thereof.)

Section 95 of the General Construction Law entitled, " *Effect of the repeal of a statute by another statute substantially re-enacting the former,*" provides: " The provisions of a law repealing a prior law, which are substantially re-enactments of provisions of the prior law, shall be construed as a continuation of such provisions of such prior law, modified or amended according to the language employed, and not as new enactments." (L. 1892, ch. 677, § 32 as amd. by L. 1894, ch. 448.)

Therefore, it follows, that since the original section 47-a of the Civil Practice Act was never *repealed,* but merely *amended,* and since the amendment consisted of the deletion of one unnecessary sentence, otherwise the section remained the same word for word, no change was made and according to the exact language employed in 1938 and 1941, a cause of action barred under the former statute would be barred, not extended, under the latter. Where the Legislature intended that the six-year period should run from September 1, 1941, it said so in very apt language in the second paragraph of section 47 of the Civil Practice Act, (L. 1941, ch. 329, § 6) but such language was not used in the second paragraph of section 47-a of the Civil Practice Act (L. 1941, ch. 329, § 7); thus, the six-year period, under the latter section, began to run from September 1, 1938, if the action accrued before then and had longer than six years to run. (L. 1938, ch. 499, § 2.)

In this case, the cause of action accrued before September 1, 1938, and was not commenced until December 20, 1944; therefore, it was barred.

Motion of defendants granted. Prepare and submit **judgment accordingly.**