CHARLES STUEBNER et al., Plaintiffs, *v.* WILLIAM E. STUEBNER et al., Defendants.*

Supreme Court, Special Term, Queens County, May 7, 1945.

---

* See, also, *Eyeington* v. *Pardee*, 184 Misc. 803, and *Levy* v. *Jones*, 269 App. Div. 295.— [REP.

*Michael S. McPhillips* for defendants.

*Joseph Lonardo* and *William A. Michel* for plaintiffs.

C. A. JOHNSON, J. In an action to foreclose a $3,000 mortgage dated June 10, 1929, for the nonpayment of the semiannual interest which became due and payable on December 10, 1929, and on every June 10th and December 10th thereafter, to and including December 10, 1944, the defendants move, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the action is barred by the Statute of Limitations embodied in section 47-a of the Civil Practice Act (added by L. 1938, ch. 499, eff. Sept. 1, 1938; amd. by L. 1941, ch. 329, eff. Sept. 1, 1941)

At the time the mortgage was executed, section 47 of the Civil Practice Act, then in effect, provided that an action upon a sealed instrument may be brought within twenty years after the accrual of a cause of action thereon. This period of limita tion was shortened to six years by the provisions of section 47-a of the Civil Practice Act.* Subdivision 2 thereof provides as follows: " This section shall apply to all causes of action enumerated in subdivision one, whether heretofore or here after accruing except that in the case of such a cause of action heretofore accrued, if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period longer than six years, such period

* The section is entitled " Actions on bonds and/or mortgages secured by real property to be commenced within six years ".— [REP.

shall be shortened to six years from the effective date of this section and except further that if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period shorter than six years, such period shall not be enlarged by the enactment of this section."

It is conceded by the plaintiffs in their brief (p. 3) that on the effective date of the foregoing statute—September 1, 1938 —"the twenty year limitation against this mortgage had already run nine years, less three months and ten days, from the date the cause of action accrued, on December 10, 1929 It still had eleven years to go. If the new statute, section 47-a, applies, the eleven years were cut to six years. This destroyed the right to sue for the next five years, three months and ten days, which the mortgagees would have had under the old twenty year limitation." Further at page 6 of this brief, it is stated: " If the new section applies, the last day that plaintiff could have sued was on September 1, 1944, and this action having been begun on January 27, 1945, would therefore be too late."

The plaintiffs contend that the twenty-year Statute of Limitation in force at the time the mortgage herein was executed was an integral part thereof which cannot be constitutionally impaired by subsequent legislation; that to make section 47-a of the Civil Practice Act operative here would impair the obligation of the contract. I am unable to agree with this view.

In *Gilbert* v. *Ackerman* (159 N. Y. 118, 124) the Court of Appeals stated: " There is no question as to the power of the legislature to pass, or to shorten, statutes of limitation. A party has no more a vested interest in the time for the commencement of an action, than he has in the form of the action. The only restriction upon the legislature, in the enactment of statutes of limitation, is that a reasonable time be allowed for suits upon causes of action theretofore existing. (*Rexford* v. *Knight*, 11 N. Y. 308; *People* v. *Turner*, 117 id. 227.)."

In *Anderson Nat. Bank* v. *Luckett* (321 U. S. 233, 242) the Supreme Court of the United States recently adhered to its decision in *Terry* v. *Anderson* (95 U. S. 628) that there is no vested right in a fixed period of limitations and changes may be made by legislative power provided adequate means of enforcing the right remain.

Similar decisions are found in recent cases: *Dunkum* v. *Maceck Building Corp.* (256 N. Y. 275); *Bloch* v. *Schwartz* (266 App. Div. 188); *Matter of Dee* v. *State Tax Commission* (257 App. Div. 531, affd. 282 N. Y. 617).

There can be no question that the plaintiffs had on the effective date of the statute adequate time in which to enforce the cause of action which had accrued to them on December 10, 1929. They still had six years in which to assert it. This was sufficient and reasonable. Compare *Matter of Warner* (39 App. Div. 91, 94) where the Appellate Division stated: " Assuming that, under section 90 of the old Code, the twenty years' limitation applied to this judgment, it was competent for the Legislature to change the limitation, provided it allowed a reasonable time for the judgment creditor to pursue his remedy. Two years were given, and that was a reasonable time. *McGahey* v. *Virginia*, 135 U. S. 704; *People* v. *Turner*, 117 N. Y. 227.) "

Accordingly, it is my conclusion that since section 47-a of the Civil Practice Act gave the plaintiffs reasonable time to enforce the cause of action which existed prior to its effective date, it meets the constitutional test and bars the instant action, inasmuch as by its terms it is intended to apply retroactively. (See *People* v. *Cohen*, 245 N. Y. 419, 421.)

In view of the foregoing it is unnecessary to consider the argument of learned counsel for the plaintiffs premised on *National City Bank* v. *Gelfert* (284 N. Y. 13, revd. 313 U. S. 221; note, 133 A. L. R. 1473). In any event, it has been adequately answered in the well-considered opinion rendered by Mr. Justice Nolan in *Primary Realty Corp.* v. *Librett* (178 Misc. 40).

The motion is granted and the complaint dismissed. Settle order on notice.