CRISSY Z. LEVY et al., as Executors of ZACHARY M. LEVY, Deceased, Appellants-Respondents, *v.* WILLIAM JONES et al., Respondents-Appellants, et al., Defendants.

Second Department, May 28, 1945.

*Mathias Naphtali* for plaintiffs-appellants and respondents.

*George P. Halperin (Daniel Katz* with him on the brief), for defendants-respondents and appellants.

HAGARTY, J. The original plaintiff died while this appeal was pending and an order was entered substituting the executors of his last will and testament as parties plaintiff. For convenience, references hereinafter to plaintiff will be to the original plaintiff.

Two bonds, one in the sum of $15,000 and the other in the sum of $17,500, with accompanying mortgages on premises known as 5716 and 5722 Fourth Avenue, Brooklyn, were executed and delivered on the 16th and 20th days of September, 1926, respectively, by Stoneview Holding Corporation. In 1929, plaintiff, as owner of both bonds and mortgages, on which there were then due the sums of $9,500 and $11,500, respectively, entered into an agreement with defendant W & Z Jones Corporation, then the owner of the incumbered real property, whereby payment of these obligations was extended to September of 1932. Simultaneously, the individual defendants William and Zelig Jones executed and delivered to plaintiff their bonds in these respective amounts as collateral.

Plaintiff commenced an action to foreclose both mortgages on the 24th day of July, 1944, predicated on defaults in principal and interest, joining as defendants W & Z Jones Corporation and William and Zelig Jones, hereinafter referred to respectively as the corporate and the individual defendants, against whom he sought a deficiency judgment. Thereafter, by amended complaint served on the 13th day of September, 1944, he aban-

doned foreclosure of the mortgages and proceeded solely against these defendants, hereinafter referred to jointly as the defendants, for a money judgment only.

Defendants invoke the six-year limitation contained in section 47-a of the Civil Practice Act, effective the 1st day of September, 1938, as to actions upon a bond, payment of which is secured by a mortgage on real property. If service of the amended complaint is to be regarded as the commencement of a new action, the statute, which is applicable even as to collateral bonds (cf. *Klinke* v. *Samuels*, 264 N. Y. 144; *City Bank Farmers Trust Co.* v. *Ardlea Corp.*, 267 N. Y. 224; *Kramer* v. *Relgov Realty Co.*, 268 N. Y. 592; *Honeyman* v. *Hanan*, 275 N. Y. 382), would bar maintenance of the action. The provisions of section 1077-f of the Civil Practice Act, which suspend the operation of time limitations as to commencement of certain actions to foreclose mortgages and on bonds (Civ. Prac. Act, §§ 1077-a, 1077-b), are applicable only where the action rests on default in principal alone.

I am of opinion, however, that, applying the doctrine expounded in *Harriss* v. *Tams* (258 N. Y. 229), the amended complaint is not, as to the present defendants, essentially different from the original complaint. Even in the original complaint, plaintiff necessarily proceeded on the bonds and in personam in seeking a deficiency judgment. Although such relief has been described as incidental to the action in rem (*Frank* v. *Davis*, 135 N. Y. 275; *Dudley* v. *Congregation, etc., of St. Francis*, 138 N. Y. 451; *Reichert* v. *Stilwell*, 172 N. Y. 83, 88, 89; *Jamaica Savings Bank* v. *M. S. Investing Co.*, 274 N. Y. 215, 218, 219), the action may, under given circumstances, be treated as one to fix liability on the bond or debt. (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314, 318.) In fine, the plaintiff, under the original complaint, sought from defendants such sum of money as was sufficient to make him whole and, upon the same obligations there pleaded, that is precisely what he seeks under the amended complaint. Accordingly, commencement of the action prior to the 1st day of September, 1944, was timely and, on appeal by defendants from so much of the order as grants the motion of plaintiff to dismiss the affirmative defenses of Statute of Limitations, there should be an affirmance, without costs.

Turning now to the appeal by plaintiff, the defenses involved, alteration and extension without consent, are founded on the principle of suretyship. Thus, a mortgagee who has notice of a conveyance of the land by the mortgagor may not extend the

terms of payment or engage in any other act to the prejudice of the mortgagor. (*First National Bank & Trust Co. of Walton v. Eisenrod,* 263 App. Div. 227, 228, 229.) Further, a mortgagee may not enter into an agreement with the mortgagor altering the terms of the obligation, in the absence of consent on the part of a surety for the obligor, without discharging the obligation of the surety. (*Greenwich Savings Bank* v. *Eckford Realty Corp.,* 268 App. Div. 195, 196.) All the defendants allege that the corporate defendant sold the mortgaged parcels on the 30th day of January, 1930, and that thereafter, plaintiff, without their knowledge or consent, extended the time for payment of the balance of the principal amounts and changed the time and rate for payment of interest. In addition, the individual defendants allege, in substance, that they were sureties of the corporate defendant, so that its discharge from liability served to nullify their liability.

Plaintiff claims that these defenses are sham, namely, matter " false in fact although good in form " (*Fleischer* v. *Terker,* 259 N. Y. 60, 62). Although defendants offer no proof in support of their allegations and the motion ordinarily would be decided upon substantially the same principles attending consideration of a motion for summary judgment (*Jonson* v. *French Management Co.,* 242 App. Div. 601), the corporate defendant should be afforded an opportunity to apply for an examination before trial of the books and records of the original plaintiff pertaining to the matter involved in these defenses. There has been a lapse of fourteen and one-half years between the time that the corporate defendant conveyed the mortgaged premises and the commencement of this action. The defendants had, in fact, procured an order for the examination of the original plaintiff.

The defenses must be struck out, however, insofar as they are pleaded by the individual defendants. It appears without dispute that each of the bonds that these defendants executed as collateral to the original bonds of Stoneview Holding Corporation contains this provision: " And in case of the sale or transfer of the mortgaged premises, or of any part thereof, or in case of any agreement or stipulation between any owner or owners of the mortgaged premises and the party of the second part hereto, extending the time, or modifying the terms of payment, or increasing or decreasing the rate of interest above recited, the party of the first part hereto shall continue liable to pay the sums above mentioned, with interest thereon according to the tenor of any such agreement, unless expressly released and

discharged in writing by the party of the second part hereto.''

The individual defendants thus bound themselves to pay the obligation of the original mortgagor, irrespective of alteration and extension. The defenses therefore are inadequate.

The order dated November 30, 1944, should be modified on the law by adding at the end of the first ordering paragraph and before the words '' and it is further,'' the following: '' and by striking from the answer the second and third defenses of defendants William Jones and Zelig Jones to the first and second causes of action.'' As so modified, the order insofar as appealed from should be affirmed, with $10 costs and disbursements to plaintiffs.

The appeal from the order granting the motion of defendants William Jones, Zelig Jones and W & Z Jones Corporation for an examination before trial of Zachary M. Levy, the original plaintiff, should be dismissed as academic, without costs.

CLOSE, P. J., CARSWELL, ADEL and LEWIS, JJ., concur.

Order dated November 30, 1944, modified on the law by adding at the end of the first ordering paragraph and before the words '' and it is further,'' the following: '' and by striking from the answer the second and third defenses of defendants William Jones and Zelig Jones to the first and second causes of action.'' As so modified, the order insofar as appealed from is affirmed, with $10 costs and disbursements to plaintiffs.

Appeal from order granting motion of defendants William Jones, Zelig Jones and W & Z Jones Corporation for an examination before trial of Zachary M. Levy, the original plaintiff, dismissed as academic by reason of the death of said plaintiff, without costs. [See *post*, p. 901.]