BANK FOR SAVINGS IN THE CITY OF NEW YORK, Plaintiff, *v.* ASHLEY GARAGES, INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 8, 1945.

*Henry S. Mansfield* for James R. Ashley and another, defendants, for motion.

*Herman M. Brauner* and *Herman Goldman* for Central Hanover Bank and Trust Company, as trustee, and another, defendants, opposed.

HOFSTADTER, J.   This is a motion to dismiss the cross complaint on the ground that the cause of action therein set forth is barred by the Statute of Limitations.   The cross complaint seeks judgment against the moving defendants on a bond and mortgage dated March 26, 1924, and maturing May 1, 1927. No extension agreements were ever entered into nor was any payment of interest made since November 1, 1933.   The bond was under seal.

The applicable Statute of Limitations is section 47-a of the Civil Practice Act which purports to cover actions on bonds and mortgages secured by real property.   Section 47, dealing with sealed instruments, expressly excepts from its scope actions referred to in section 47-a.   (See Civ. Prac. Act, § 47, subd. 1.) Section 47-a became effective September 1, 1938 (L. 1938, ch. 499, § 2).   It provides that an action on a bond or mortgage secured by real property must be commenced within six years after the cause of action has accrued " except that in the case of such a cause of action heretofore accrued, if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period longer than six years, such period shall be shortened to six years from the effective date of this section and except further that if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period shorter than six years, such period shall not be enlarged by the enactment of this section."

The result of the enactment of section 47-a was to shorten the twenty-year Statute of Limitations upon sealed instruments to six years from September 1, 1938.   The cross complaint was, however, not served until October 1, 1945, more than seven years after section 47-a took effect.

In opposition to the motion reliance is placed upon the provision of section 24 of the Civil Practice Act that " Where the commencement of an action has been stayed  *   *   *   by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action."   It is argued that the moratorium statutes constituted a statutory prohibition against the maintenance of an action on the bond and mortgage which suspended the running of the Statute of Limitations.   The moratorium statutes, however, merely suspended for the period of the emergency actions upon bonds, or for the foreclosure of mortgages, based solely upon a default in the payment of principal or amortization of principal (Civ. Prac. Act, §§ 1077-a, 1077-b).   In view of

the failure to pay interest on the bond and mortgage since November 1, 1933, it is clear that there has been no statutory prohibition staying the commencement of an action on the bond and mortgage since the first default in interest occurred many years prior to the time that section 47-a became law.

It is also contended, in opposition to the motion to dismiss, that where acceleration for default in interest is optional with the obligee of the bond and mortgage the Statute of Limitations does not bar an action upon the principal debt until maturity of the bond and mortgage, in the absence of an exercise of the option of accelerating the maturity. This contention apparently overlooks the fact that the principal matured on May 1, 1927, and that no extension agreement was ever entered into thereafter. No question of the exercise of an option to accelerate the maturity on the basis of an interest default occurring prior to maturity is, therefore, presented upon the present motion.

As the cross complaint was served more than six years after September 1, 1938, the motion to dismiss is granted.