CHARLES E. ROLFE et al., Plaintiffs, *v.* FREDERICK H. WALKER et al., Defendants.

Supreme Court, Special Term, Monroe County, December 4, 1946.

*Nicholas E. Brown* for Frederick H. Walker and another, defendants.

*John C. Little* for plaintiffs.

VAN VOORHIS, J. The action is to foreclose a bond and mortgage made July 23, 1926, due in eight years from said date, viz., July 23, 1934. The complaint alleges that the last payment of

principal or interest was made in 1939, and that the first interest default occurred January 23, 1940.

Nothwithstanding that the bond and mortgage were under seal, this cause of action became barred six years after the interest default of January 23, 1940, viz., on January 23, 1946, pursuant to the provisions of section 47-a of the Civil Practice Act, enacted by chapter 499 of the Laws of 1938. The action was not commenced until July of 1946. The court realizes, as pointed out by plaintiffs, that statutes of limitation do not destroy the right but only bar the remedy, and that there is no inconsistency in the continuance of the lien of a mortgage against real property after the time limited by law has expired for its foreclosure or for the enforcement of the bond secured thereby. The court concludes upon this motion that even if it be assumed that the lien of plaintiffs' mortgage against the realty continues unimpaired, the plaintiffs' remedy has become barred not only to sue upon the bond but also to foreclose by action the bond and mortgage. The 1938 enactment to the Civil Practice Act amended section 47 so as to provide: " Except as otherwise provided by section forty-seven-a, an action upon a sealed instrument must be commenced within twenty years after the cause of action has accrued " (this " twenty " years was abbreviated to six by L. 1941, ch. 329, which is not material to the decision of this motion). Section 47-a, simultaneously enacted, states that " An action upon a bond, the payment of which is secured by a mortgage upon real property, or upon a bond and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years after the cause of action has accrued." The Legislature seems to have been careful to eliminate any inference that mortgage foreclosure actions were not to be governed by the abbreviated period since it was not content with employing merely the phraseology referring to an action " upon a bond and mortgage " in contradistinction to an action " upon a bond," but felt impelled to add " or upon a mortgage of real property, or any interest therein ". An action to foreclose this mortgage is definitely an action upon a mortgage of real property, and the new statute says that it must be brought within six years.

The moratorium statutes do not suspend foreclosure actions for interest defaults (Civ. Prac. Act, § 1077-a) and the plaintiffs therefore became entitled to foreclose this mortgage by reason of the interest default which occurred January 23, 1940. No other conclusion is possible since section 1077-a of the Civil

Practice Act suspending foreclosure for principal defaults contains a proviso that "where a default authorizing foreclosure shall have occurred under the terms of the bond or mortgage or other agreement, other than the non-payment of principal or an installment or amortization of principal, and any grace period therein specified shall have expired, then the rights and remedies of the holder of the mortgage shall not be affected by this act."

These conclusions requiring a dismissal of the complaint are supported by the following decisions: *Levy* v. *Jones* (269 App. Div. 295, 298), *Butler* v. *Price* (271 App. Div. 359) and *Bank for Savings in City of N. Y.* v. *Ashley Garages* (186 Misc. 293).

The second cause of action, setting out amortization installments of from 1% to 3% per annum beginning with the year ending June 30, 1943, under section 1077-g of the Civil Practice Act, does not help the plaintiffs. It is unimportant that this part of the complaint does not clearly specify whether the intention is to plead these installments in aid of foreclosure of the mortgage or by way of suit on the bond to recover part of the principal of the mortgage debt. In either event the cause of action is barred by the six-year Statute of Limitations since the cause of action accrued at the time of the interest default on January 23, 1940. Section 1077-b suspends actions on bonds for principal defaults only in instances where "no action or proceeding shall be maintainable to foreclose such mortgage." Therefore, since foreclosure by action could have been maintained at any time after January 23, 1940, so also could an action to recover the principal and interest of the mortgage debt. The requirement of section 1083-b that the fair and reasonable market value of the mortgaged premises be offset against the amount due does not suspend the maintenance of an action upon the bond any more than the similar provision of section 1083-a limiting deficiency judgments suspends the prosecution of a foreclosure action. In both instances the purpose of the Legislature was to permit the mortgagee to obtain a personal judgment only after allowing for the value of the real estate computed according to what was believed to be a just method. No vested right has been recognized by the courts in holders of real estate bonds and mortgages to escape the effects of sections 1083-a or 1083-b so as to suspend the operation of the Statute of Limitations where interest defaults have occurred during the period of the emergency, and therefore in view of the unrepaired

interest default of January 23, 1940, plaintiffs herein could not be heard to assert that actions to foreclose or to recover principal of the mortgage debt would not " have been maintainable at any time during the period of the emergency " (Civ. Prac. Act, § 1077-f). The circumstance that it has been possible for mortgagees to avoid being bound by sections 1083-a and 1083-b by bringing personal actions for interest only under *Johnson* v. *Meyer* (268 N. Y. 701) or, since June 30, 1943, by suing for the amortization installments allowed by section 1077-g, does not prevent the running of the Statute of Limitations from January 23, 1940, since, if they had chosen, plaintiffs after then could have sued upon the bond or to foreclose for the entire unpaid principal and interest without legal obstacle. The economic disadvantage of being unable to derive a gain as a part of the process out of the mortgagor's pocket which the Legislature deemed to be inequitable on account of what happened to the real estate market neither suspended these types of action nor the limitation applicable thereto in case of other than principal defaults.

In *Levy* v. *Jones* (269 App. Div. 295, 298 *supra*) the court said: " The provisions of section 1077-f of the Civil Practice Act, which suspend the operation of time limitations as to commencement of certain actions to foreclose mortgages and on bonds (Civ. Prac. Act, §§ 1077-a, 1077-b), are applicable only where the action rests on default in principal alone." In *Union Trust Company of Rochester* v. *Simpson* (160 Misc. 836, 838) the court stated per CUNNINGHAM, J.: " The principal sum according to the terms of the bond and mortgage is due and interest thereon is also due and unpaid, and taxes levied upon the mortgaged property are unpaid. Therefore, the plaintiff has the right to foreclose the mortgage or to recover upon the bond, notwithstanding the moratorium legislation. (Civ. Prac. Act, §§ 1077-a, 1077-b.) " (*Emsig* v. *Fuchs,* 159 Misc. 803; *Riback* v. *Prudence Company, Inc.,* 152 Misc. 331, 341–342.)

The complaint is dismissed against the defendants Walker, without costs.