EDWARD M. HELLER et al., as Assignees of EDWING CORPORATION, Plaintiffs, *v.* ALBERT B. SHEFTMAN et al., Defendants.

Supreme Court, Special Term, New York County, January 15, 1948.

*Joseph Kelner* for plaintiffs.

*Philip Wolfson* for Samuel J. Greenfield, defendant.

BOTEIN, J. This action was brought upon a bond executed by defendants in connection with a building loan agreement secured by a mortgage upon real property. There is no dispute that the cause of action thereon accrued no later than December 4, 1937.

The defendant Greenfield moves for summary judgment, asserting that the cause of action is barred by expiration of the time limitation prescribed in section 47-a of the Civil Practice Act, as an action "upon a bond, the payment of which is secured by a mortgage upon real property". Plaintiffs oppose the motion upon the ground that this is "an action upon a sealed instrument" and is saved by the provisions of section 47 of the Civil Practice Act, and have moved for summary judgment in their favor.

Since the plaintiffs' cause of action accrued no later than December 4, 1937, it would have been barred on September 1, 1944 (prior to its commencement), if it is held to have been brought upon a bond secured by a mortgage (Civ. Prac. Act, § 47-a, subd. 2), but would not have been barred until September 1, 1947 (subsequent to its commencement), if the action be held to be upon a sealed instrument for the purpose of determining the period of limitation (Civ. Prac. Act, § 47, subd. 2).

For the purpose of limitation, an action upon a bond secured by a mortgage upon real estate is governed by its character as such, irrespective of the presence of a seal thereon, and the period of limitation is to be computed in accordance with section 47-a of the Civil Practice Act, and not by section 47 of the Civil Practice Act (*Stuebner* v. *Stuebner*, 184 Misc. 1034; *Eyeington* v. *Pardee*, 184 Misc. 803.) The phrase "bond * * * secured by a mortgage upon real property", found in section 47-a of the Civil Practice Act, is not limited to the primary obligation of the mortgagor but, in addition, includes within its meaning a bond collateral thereto, such as the one here sued upon (*Levy* v. *Jones*, 269 App. Div. 295).

Defendant Greenfield's motion for judgment is, therefore, granted and plaintiffs' motion denied. Settle order.