Elizabeth C. Scherer, as Administratrix with the Will Annexed of Peter La Force, Deceased, Plaintiff, *v.* Martin A. Pfuntner, Defendant.

Supreme Court, Special Term, Yates County, January 11, 1955.

*Helen M. Pratt* and *Robert J. Kane* for plaintiff.

*Anthony J. Rossi* for defendant.

Witmer, J. On this motion under section 652 of the Civil Practice Act for permission to issue execution upon a judgment of this court in favor of plaintiff's testator against the defendant in the sum of $720.18, docketed in Livingston County Clerk's office on November 20, 1931, it appears that no execution has ever been issued upon the judgment, that nothing has

been paid thereon and that no proceeding was instituted thereon within twenty years of entry thereof. In support of the motion plaintiff explains that execution was not issued earlier because when the judgment was entered defendant was unemployed and had no assets subject to levy, and had five dependents, to wit: his wife and four young children. Plaintiff alleges that defendant was in the military service of the United States from 1942 until 1950, during which time " the defendant was stationed a number of years in Japan ", and that only recently did plaintiff learn of defendant's residence and occupation, and that not until the present time has defendant been able to pay the judgment.

Defendant objects to this motion, and asserts that under section 44 of the Civil Practice Act the judgment is conclusively presumed to be paid, and that the court is without authority to grant the motion.

Section 44 of the Civil Practice Act provides in part as follows: " A final judgment or decree for a sum of money * * * rendered in a court of record within the United States * * * is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person, who within twenty years from that time makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree. * * * Such an acknowledgment must be in writing and signed by the person to be charged thereby. A person may avail himself of the presumption created by this section under an allegation that the action was not commenced, or that the proceeding was not taken, within the time therein limited."

The papers do not show that defendant has not been within the State for at least twenty years since entry of the judgment and prior to the making of this application; but they show that defendant was in military service for about eight of the twenty-three years since the judgment was entered. Plaintiff claims that by virtue of section 308 of the Military Law, which excludes the period of military service from the computation of any period of time limited " for the bringing of any action or proceeding ", section 44 of the Civil Practice Act does not bar the granting of this motion. If this be correct, the plaintiff is entitled to have the motion granted. (*Matter of Molnar,* 253 App. Div. 895.)

Plaintiff contends that said section 44 of the Civil Practice Act is a Statute of Limitations affecting the remedy but not the obligation, and that it only bars an action upon the judgment but not the issuance of an execution; and plaintiff relies upon *Moran Towing & Transp. Co.* v. *Fleming* (287 N. Y. 571); *Kincaid* v. *Richardson* (25 Hun 237, 239), and *Moucha & Quelch* v. *Brogan* (93 N. Y. S. 2d, 739).

With respect to *Kincaid* v. *Richardson* (25 Hun 237, *supra* [1881]) it is noted that the court was there dealing with a judgment of Justice's Court, transcript of which had been filed in a County Clerk's office. The case arose before the amendment of 1894, and is not in point. Similar cases are *Bolt* v. *Hauser* (57 Hun 567 [1890]) and *Townsend* v. *Tolhurst* (57 Hun 40). The rule was then different with respect to such judgments than with respect to judgments of courts of record. (*Matter of Warner,* 39 App. Div. 91; *Raphael* v. *Mencke,* 28 App. Div. 91.) In the *Raphael* case the court said at pages 92 and 93: " It was held in *Waltermire* v. *Westover* (14 N. Y. 16) that the Statute of Limitations with regard to such judgments related solely to the remedy and not to the right. The rule is different with regard to the judgment of a court of record. There it was, and still is, expressly provided (Code Civ. Proc. § 376) that such judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was entitled to a mandate to enforce it. Prior to 1894 no such provision was made with regard to the judgments of courts not of record. As to such judgments it was simply provided that an action thereupon must be commenced within six years. *Thus, in the one case there was a presumption of payment, which went to the right; in the other merely the deprivation of a particular remedy.* * * * It was, probably, because of this criticism, and, undoubtedly, to settle the question, that chapter 307 of the Laws of 1894 (amending §§ 376, 382 and 3017 of the Code of Civil Procedure) was enacted. By these amendments all conflict of authority upon the subject is set at rest; and now, upon the filing within six years of a transcript of a justice's judgment, the twenty years' Statute of Limitation, with its presumption of payment, applies to such judgment the same as to judgments of courts of record." (Emphasis supplied.)

Concerning the other cases relied upon by plaintiff, to wit: the *Fleming* case (287 N. Y. 571, *supra*) and the *Brogan* case (93 N. Y. S. 2d, 739, *supra*), it is to be observed that in each of these cases an execution was issued upon the judgment within

the statutory period, and the courts declined to vacate the executions after the lapse of such period. In this connection it is noted that the last sentence of section 44 of the Civil Practice Act, quoted above, specifies that a judgment debtor may avail himself of the presumption created by the section by alleging " that the action was not commenced, *or that the proceeding was not taken,* within the time therein limited." (Emphasis supplied.) Thus in the *Fleming* and *Brogan* cases (*supra*) the judgment debtors could not bring themselves within the provisions of this section.

In the case at bar no execution was issued nor proceeding taken within the twenty years from the time when the plaintiff was first entitled to a mandate to enforce it, and it is admitted that no payment has been made upon the judgment and no written acknowledgment of the indebtedness has been made by the judgment debtor. Thus the presumption of payment created by the statute is conclusive (*Brinkman* v. *Cram,* 175 App. Div. 372, affd. 225 N. Y. 720). In the *Brinkman* case the court held that section 376 of the Code of Civil Procedure, from which section 44 of the Civil Practice Act was derived, was not a Statute of Limitations, but a rule of evidence. Hence the contention of the plaintiff that the statute bars only an action upon the judgment and not the issuance of execution is fallacious. " The presumption of payment renders the cause of action non-existent ", said the Appellate Division in the *Brinkman* case (p. 373). Likewise, the presumption requires this court to find that the judgment has been paid; and therefore the court has no authority to authorize issuance of execution thereon. (See 2 Carmody-Wait on New York Practice, p. 244.)

Submit order denying motion, with costs.